Commonwealth *v*. Hall, Appellant.

Argued November 16, 1972. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

reargument refused April 18, 1973.

*John W. Packel*, Assistant Defender, with him *Michael L. Levy* and *Jonathan Miller*, Assistant Defenders, and *Vincent J. Ziccardi*, Defender, for appellant.

*Milton M. Stein*, Assistant District Attorney, with him *James D. Crawford*, Deputy District Attorney, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

*Edwin D. Wolf* submitted a brief for amicus curiae.

OPINION BY MR. JUSTICE ROBERTS, March 16, 1973:

Appellant William Hall was tried nonjury in the Common Pleas Court of Philadelphia and convicted of possession and use of narcotic drugs. Post-trial motions were denied and appellant was sentenced to a term of imprisonment of not less than forty days nor more than twenty-three months. The Superior Court affirmed the judgment of sentence, *Commonwealth v. Hall*, 219 Pa. Superior Ct. 760, 281 A. 2d 345 (1971), and we granted allocatur. For reasons which follow, we remand for another suppression hearing.

Prior to trial appellant made a timely motion to suppress certain evidence in accordance with Pa. R. Crim. P. 323(b). After an evidentiary hearing the motion to suppress was denied. It is the scope and result of that suppression hearing which forms the primary basis for this appeal.[1]

---

[1] The search warrant specified an apartment containing narcotic drugs, but did not name appellant as an occupant. Because of our disposition we need not reach appellant's related contention that the search warrant did not give the police authorization to search him when he was found at the apartment.

The suppression hearing focused upon the validity of a search warrant issued June 14, 1970, and executed at 1:00 A.M., June 15, 1970. The execution of the warrant resulted in the police uncovering a small quantity of narcotic drugs in appellant's possession. The Commonwealth readily admits that the possession of these drugs was indispensable in obtaining appellant's conviction. In applying for the warrant the police officer-affiant alleged that at a specified apartment narcotic drugs in significant quantities were being sold. The source of the information, according to the affidavit, was an informant, whose identity the police have not disclosed. See *McCray v. Illinois,* 386 U.S. 300, 87 S. Ct. 1056 (1967) ; *Commonwealth v. Crawley,* 209 Pa. Superior Ct. 70, 223 A. 2d 885 (1966).

To establish the reliability of the information received from the unnamed informer, *Spinelli v. United States,* 393 U.S. 410, 89 S. Ct. 584 (1969) ; *Aguilar v. Texas,* 378 U.S. 108, 84 S. Ct. 1509 (1964), the affidavit alleged that in the past two years the police had received information from that informant in at least five cases, three resulting in convictions and two still pending. Based on the assertions contained in the affidavit, including the apparent establishment of the informant's reliability, the magistrate determined that controlling probable cause standards had been satisfied and issued the warrant. Appellant concedes that the language on the *face* of the warrant recites probable cause.

During cross-examination of the police officer-affiant at the suppression hearing defense counsel asked for the names of those individuals previously arrested as a result of information received from the unnamed informants.[2] The purpose of the question was to ex-

---

[2] The affidavit in support of the warrant also stated that police surveillance observed several "drug users" entering the apartment building specified in the warrant. The police officer-affiant

plore the veracity of the facts recited in the affidavit supporting the warrant. Counsel expressly disavowed any intention of ascertaining the identity of the informant, and, to further protect the informant's anonymity, offered to conduct the cross-examination in camera.[3] The Commonwealth's objection to the question was sustained and the suppression judge ultimately found the evidence seized pursuant to the warrant admissible. It is the refusal of the hearing judge to permit this cross-examination, seeking to determine the reliability of the unnamed informant, that is alleged as error.

The threshold question is whether the veracity of facts establishing probable cause recited in an affidavit supporting a warrant can be challenged and examined at a suppression hearing. Indeed, such facts may be so challenged. In *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A. 2d 441 (1970), this Court sustained a challenge to a search warrant when it was later established that the police officer-affiant knowingly falsified a material statement in the affidavit supporting the warrant. In so holding this Court, pertinently noted: "To rule otherwise would permit the police in every case to exaggerate or to expand on the facts given to the magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination." Id. at 337-38, 263 A. 2d at 444.

---

admitted at the suppression hearing that he had no way of knowing which apartment in the building the "drug users" actually entered. Defense counsel asked the police officer-affiant to name the drug users. Appellant argues that the suppression court erred when it sustained the Commonwealth's objection to this question.

This police corroboration was not independently sufficient to establish probable cause. Thus we need not decide the propriety of the hearing court's refusal to permit this form of cross-examination. See note 7, infra.

[3] See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Discovery and Procedure Before Trial, §§4.4, 4.6 (Approved Draft, 1970).

As numerous state and federal courts have recognized,[4] the right of a defendant to challenge the veracity of facts recited in a warrant is *not* premised on an assumption of perjury by law enforcement officials: "Although we have repeatedly stated that 'outright perjury by government agents is not a common occurrence,' . . . we by no means foreclose the possibility that, in the appropriate circumstances, a hearing should be held to establish the veracity of sworn allegations in an affidavit which is adequate on its face." *United States v. Gillette*, 383 F. 2d 843, 848 (2d Cir. 1967) (citation omitted).

Rather, the right to challenge the truthfulness of recitals in a warrant follows from the command of *Aguilar-Spinelli* that the magistrate make a "detached and objective determination" of probable cause. *Commonwealth v. D'Angelo*, supra at 338, 263 A. 2d at 444. If a magistrate is furnished, and reviews falsified averments, he is effectively "[precluded from making] a detached and objective determination." Id.[5] As the New

---

[4] See, e.g., *United States ex rel. Laws v. Yeager*, 448 F. 2d 74 (3d Cir. 1971); *United States v. Freeman*, 358 F. 2d 459 (2d Cir. 1966), cert. denied, 385 U.S. 882, 87 S. Ct. 168 (1966); *United States v. Bowling*, 351 F. 2d 236 (6th Cir. 1965); *King v. United States*, 282 F. 2d 398 (4th Cir. 1960); *United States v. Pearce*, 275 F. 2d 318 (7th Cir. 1960); *Theodor v. Superior Court*, 8 C. 3d 77, 501 P. 2d 234 (1972); *People v. Alfinito*, 16 N.Y. 2d 181, 264 N.Y.S. 2d 243, 211 N.E. 2d 644 (1965).

As the court in *United States v. Freeman*, supra at 463 n.4 observed: "A defendant may be able to challenge the veracity of recitals of 'previous reliability' by a motion to suppress. . . . Such a procedure would diminish the danger of a warrant issuing on an officer's good faith misjudgment as to the reliability of an informant, as well as dangers of police laxity or bad faith. The temptation for officers to include unjustified recitals of informants' reliability would be reduced."

[5] Commentators have noted that further review of the affidavits supporting a warrant is necessary because of the ex parte, exigent circumstances of the initial issuance of the warrant. Ad-

York Court of Appeals observed: "Modern thought which produced the decision in Mapp v. Ohio (367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081) would make incongruous any holding that a search warrant is *beyond attack even on proof that the allegations on which it was based were perjured.*" (Emphasis added.) *People v. Alfinito,* 16 N.Y. 2d 181, 185, 264 N.Y.S. 2d 243, 246, 211 N.E. 2d 644, 646 (1965).

The Commonwealth rather reluctantly concedes this point,[6] but contends that the attempt here to test the veracity of the warrant must fail because appellant did not specify *prior* to the hearing precisely which part of the warrant was inaccurate. The Commonwealth's position, reduced to its essence, is that while appellant may have the right to challenge the veracity of facts recited in a warrant, he may not do so without first showing the potential falsity of those facts.

We must reject such an unduly restrictive interpretation of *Commonwealth v. D'Angelo,* supra. Such an interpretation would virtually emasculate the teaching

---

ditionally it has been obsrved that it would be anomalous to allow a defendant to demonstrate a lack of probable cause at the suppression hearing, but not allow him to establish that the apparent probable cause originated from falsified averments. See, e.g., Kipperman, Inaccurate Search Warrant Affidavits as a Ground for Suppressing Evidence, 84 Harv. L. Rev. 825 (1971); Mascolo, Impeaching the Credibility of Affidavits for Search Warrants: Piercing the Presumption of Validity, 44 Conn. B.J. 9 (1970); Comment, The Outwardly Sufficient Search Warrant Affidavit: What If It's False?, 19 U.C.L.A. L. Rev. 96 (1971); Note, Testing the Factual Basis for a Search Warrant, 67 Colum. L. Rev. 1529 (1967); Note, Criminal Procedure: Search and Seizure: *People v. Alfinito,* 51 Cornell L.Q. 822 (1966); Case Note, Criminal Law—Defendant's Right to Controvert a Warrant Valid on Its Face, 34 Fordham L. Rev. 740 (1966).

6 Much of the Commonwealth's brief is occupied with quotes from jurisdictions not allowing challenges to the veracity of warrants after their issuance.

of *D'Angelo* that facts supporting a warrant may be shown to be false or misleading.

Here the pivotal issue at the suppression hearing was the reliability of the information attributed to the unnamed informer. If the informer was reliable, the search warrant was issued with probable cause. If the informant was proven to be without reliability, the warrant was improperly issued.[7] A mere assertion to the magistrate that the informer was "reliable" does not satisfy the *Aguilar-Spinelli* test. See *Commonwealth v. White,* 447 Pa. 331, 290 A. 2d 246 (1972); *Commonwealth v. Matthews,* 446 Pa. 65, 285 A. 2d 510 (1971); *Commonwealth v. Dial,* 445 Pa. 251, 285 A. 2d 125 (1971). Recognizing that fact, the police officer-affiant gave the magistrate "underlying facts," see *Aguilar,* seeking to establish the informant's reliability, i.e., that the informer "has given me information of this type in the past, which has resulted in more than 5 arrests and 3 convictions."

However, the allegation of "5 arrests and 3 convictions" resulting from an unnamed informant's earlier information is an assertion that is impossible for a defendant to explore prior to the suppression hearing, and is clearly a proper subject for inquiry there. Moreover, even discovery under Pa. R. Crim. P. 310 would not gain a defendant either the desired information or the opportunity to challenge the assertion of previous reliability by the affiant. Nor is it information within

---

[7] The Commonwealth also argues that what it terms the independent police corroboration of the initial tip from the informant might satisfy *Aguilar-Spinelli* requirements of probable cause. See n.2, supra. In fact that claimed corroboration *only* revealed that "drug users" were entering a building containing several apartments. Certainly that information would not establish probable cause to search one of the many apartments in the building. Compare *United States v. Thornton,* 454 F. 2d 957, 970 (D.C. Cir. 1971) (alternate holding).

the personal knowledge of the defendant. Compare *Commonwealth v. Turra,* 442 Pa. 192, 275 A. 2d 96 (1971). Indeed, the only existing method to effectively probe the veracity of the assertion is to allow a defendant meaningful cross-examination of the police officer-affiant at the suppression hearing. As former Judge, now Chief Justice, BURGER poignantly noted in another context: "The traditional safeguards of the Anglo-American legal system 'leave the veracity of a witness to be tested by cross-examination.'" *Bush v. United States,* 375 F. 2d 602, 604 (D.C. Cir. 1967).

It must be concluded that appellant at the suppression hearing should have been afforded the opportunity through "the traditional safeguard" of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability.

We remand for a new suppression hearing in conformity with this opinion. If the suppression court determines the challenged evidence is to be suppressed, then a new trial is granted. If, however, the court determines the evidence is not to be suppressed, the judgment of sentence remains and appellant may file a timely appeal from that determination, if he so desires.

CONCURRING OPINION BY MR. JUSTICE NIX:

The United States Supreme Court in *Weeks v. United States,* 232 U.S. 383 (1914) and *Mapp v. Ohio,* 367 U.S. 643 (1961) required the exclusion from federal and state courts, respectively, of evidence seized in violation of the Fourth Amendment.[1] While that Court

---

[1] United States Constitution, Amendment IV

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

has discussed in great detail the allegations necessary to establish probable cause[2] it has expressly withheld any decision as to what if any extent a defendant may be permitted to proceed beyond the face of the affidavit to challenge the accuracy of those allegations.[3] The decision whether to allow any challenge beyond the face of the affidavit presents a myriad of perplexing problems, e.g., how far should the inquiry be allowed; which inaccuracies should justify the imposition of the doctrine of exclusion.[4]

My concern is that this Court's decision in *Commonwealth v. D'Angelo*, 437 Pa. 331, 263 A. 2d 441 (1970) and the majority opinion in this case should be understood as being limited to situations where the challenge alleges deliberate misstatements by a police official af-

---

[2] See *Spinelli v. United States*, 393 U.S. 410 (1969) ; *Aguilar v. Texas*, 378 U.S. 108 (1964).

[3] "Petitioner attacks the validity of the search warrant. This Court has never passed directly on the extent to which a court may permit such examination when the search warrant is valid on its face and when the allegations of the underlying affidavit establish 'probable cause'." *Rugendorf v. United States*, 376 U.S. 528, 531-32 (1964).

[4] The federal cases are divided not only as to whether a challenge should be allowed but also as to the nature and extent of that challenge. Some federal decisions have held that the defendant cannot go behind the face of the affidavit: *United States v. Brunett*, 53 F. 2d 219 (W.D. Mo. 1931) ; *Kenney v. United States*, 157 F. 2d 442 (D.C. Cir. 1946). Other cases have recognized the propriety of allowing a challenge to the truth of an affidavit: *United States v. Ramos*, 380 F. 2d 717 (2d Cir. 1967) ; while still others have permitted challenges to particular allegations in affidavits: *United States v. Bozza*, 365 F. 2d 206 (2d Cir. 1966) ; *United States v. Freeman*, 358 F. 2d 459 (2d Cir. 1966), cert. denied, 385 U.S. 882, 87 S. Ct. 168 (1966) ; *United States v. Bowling*, 351 F. 2d 236 (6th Cir. 1965) ; *King v. United States*, 282 F. 2d 398 (4th Cir. 1960).

fiant[5] as to a material[6] fact within the affidavit. If these two decisions are to be so construed, then I concur.

Where the affiant is a police official and perjury is committed by that official or with his knowledge and consent to provide a basis for securing the warrant I am satisfied that this is the type of offensive governmental action that the Fourth Amendment was directed against and the exclusionary doctrine designed to deter.

It must be remembered that every misstatement need not be a result of perjury and could just as likely result from inadvertence or negligence. In either instance the problems are unique. They differ not only from the deliberate lie but between themselves and should be resolved only when that specific factual issue is raised.

In conclusion, in my judgment, the decision in this case and in *D'Angelo, supra,* should not suggest that we have affirmed unlimited inquiry into the underlying validity of the affidavit or that any inaccuracy would necessarily justify the exclusion of evidence seized pursuant thereto.

Mr. Chief Justice JONES and Mr. Justice POMEROY join in this concurring opinion.

---

[5] Perjury by an informant where police are unaware of the falsehood and had a reasonable basis to believe the information received presents an entirely different situation and in my judgment should not be controlled by this decision or the decision in *Commonwealth v. D'Angelo,* 437 Pa. 331, 263 A. 2d 441 (1970).

[6] Where the perjury concerned a fact not necessary to establish the probable cause on the face of the affidavit I would find great difficulty in concluding the appropriateness of the exclusionary doctrine. Such a case would present distinctly different considerations and should not be considered as being answered by this decision.