406 A.2d 1072

**COMMONWEALTH of Pennsylvania**

v.

**William J. FOX, Appellant.**

Superior Court of Pennsylvania.

Argued May 15, 1978.

Decided June 28, 1979.

John R. Gailey, Jr., York, for appellant.

Donald L. Reihart, District Attorney, York, submitted a brief on behalf of Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

This appeal arises from denial in the court below of appellant's motions in arrest of judgment and for a new trial, following his conviction after a non-jury trial of possession of a controlled substance [1] and possession with intent to deliver.[2] On appeal, appellant asserts that his right to a speedy trial was violated, that there was no probable cause to support his warrantless arrest, and that the suppression court erroneously restricted defense counsel's cross-examination of the arresting officer.[3] For the reasons set forth herein, we remand the case to the court below.

We first consider appellant's attack on probable cause. On October 10, 1975, Trooper Robert Kessler, Pennsylvania

1. The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16) (35 P.S. § 780–113(a)(16)).

2. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30) (35 P.S. § 780–113(a)(30)).

3. We note with disapproval the Commonwealth's failure to file a brief in this case, particularly when an extension for filing it was granted at appellee's request.

State Police, received a telephone call from a confidential informant with whom he agreed to meet. When the two met at approximately 7:40 p. m., the informant led Trooper Kessler to 3107 East Market Street, York, the residence of one Benjamin Mathis, where he said he had visited earlier that day. While there, the informant observed drugs and related paraphernalia and heard Mathis' side of a certain telephone conversation. From that conversation and arrangements he then made with Mathis for a drug purchase, he concluded that appellant and a female companion were to come by the premises within a short time to deliver a quantity of cocaine. Trooper Kessler took the informant back to his car, parked nearby, and, at approximately 9:00 p. m., the trooper, armed with neither a search nor arrest warrant, returned to East Market Street with a group of police officers to await appellant's arrival. An unmarked police car, hood open and blinkers flashing, was positioned to block the driveway to 3107 East Market. At approximately 9:25 p. m., appellant and a female companion arrived in a car matching the description given by the informant. As appellant approached the house, he was ordered to raise his hands into the air. He dropped a shaving kit to the ground, a search of which revealed the controlled substances and paraphernalia that led to his conviction.

In *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the Supreme Court ruled that before a magistrate may issue a warrant, he must be supplied with sufficient evidence to permit him to make an independent judgment of the informant's reliability. Subsequent to *Aguilar*, the Supreme Court stated that the judgment required of a magistrate in passing on the validity of an affidavit is the same as that required of an officer in judging probable cause for a warrantless arrest, *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

"[L]ess stringent standards for reviewing the officer's discretion in effecting a warrantless arrest and search would discourage resort to the procedures for obtaining a warrant. Thus the standards applicable to the factual

basis supporting the officer's probable cause assessment at the time of the challenged arrest and search are at least as stringent as the standards applied with respect to the magistrate's assessment." *Whiteley v. Warden,* 401 U.S. 560, 566, 91 S.Ct. 1031, 1036, 28 L.Ed.2d 306 (1971).

In *Commonwealth v. Bishop,* 425 Pa. 175, 228 A.2d 661 (1967), our supreme court held that probable cause for a warrantless arrest exists if the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are adequate to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime.

Trooper Kessler testified at the suppression hearing that the informant was known to him personally, and that prior to this incident, he had given reliable information leading to five or more arrests for possession and possession with intent to deliver, and one arrest for armed robbery. Further, the car that arrived at the scene at 9:25 p. m., matched the description given by the informant. Trooper Kessler recognized appellant, who was, as the informant had said, in the company of a woman, when he got out of the vehicle and walked up the driveway.

██ Appellant would have us conclude that there was no probable cause for a warrantless arrest because Benjamin Mathis' reliability was not established. Appellant urges that the informant's tip to the trooper regarding Mathis' telephone conversation was hearsay on hearsay.

We note first that *Commonwealth v. White,* 447 Pa. 331, 290 A.2d 246 (1972), countenances hearsay on hearsay as a valid basis for a finding of probable cause. Further, in this case, Mathis' report to the informant that appellant would be arriving with the cocaine was not the sole basis for the informant's tip to police. The informant himself was present at the Mathis residence and heard his part of the conversation. On that basis, the informant and Mathis arranged a sale. This information, coming from an infor-

mant reliable in the past, buttressed by the independent observation of appellant and his companion in the automobile described, further strengthened by the pair's approach of the house, each of them with carrying cases in tow, was certainly information adequate to warrant a man of reasonable caution in the belief that the suspect had committed or was committing a crime. We therefore find no error in the suppression court's refusal to suppress the confiscated matter.

Appellant next cites *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973), to support his position that the court erred in refusing to compel the Commonwealth to admit or deny the identity of the confidential informant at the suppression hearing. In *Hall*, the supreme court remanded for a new suppression hearing, declaring:

> "It must be concluded that appellant at the suppression hearing should have been afforded the opportunity through 'the traditional safeguard' of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability." *Id.*, 451 Pa. at 208, 302 A.2d at 346.

In *Hall*, the police had obtained a search warrant based upon information received from a confidential informant in five cases over the previous two years. Three of the actions resulted in convictions, the affidavit specified, and two were still pending. Defense counsel, in cross-examining the police officer-affiant at the suppression hearing, asked for the names of individuals previously arrested. The court refused to permit the question and, the supreme court determined, thereby thwarted the appellant's right to determine the reliability of the unnamed informant. The court observed:

> "The purpose of the question was to explore the veracity of the facts recited in the affidavit supporting the warrant. *Counsel expressly disavowed any intention of ascertaining the identity of the informant*, and, to further protect the informant's anonymity, offered to conduct the cross-examination in camera." *Id.*, 451 Pa. at 203–04, 302 A.2d at 343 (emphasis added) (footnote omitted).

Appellant maintains that the Commonwealth, when asked if the informant was named individual, should have been required to respond so that appellant could fully pursue the background and possible motive of the informant. Officer Kessler hesitated to respond, indicating that the informant had regularly cooperated with officials in drug investigations and that his continued cooperation was desired and anticipated. The officer maintained that revealing the name of the informant could seriously hamper the reliable assistance that the informant was providing. Defense counsel explained his intended strategy. He wished to have the informant's identity confirmed so that he could introduce the individual's criminal record in drug related matters to challenge his motive and credibility.

As was stated in *Commonwealth v. Williams*, 236 Pa.Super. 184, 345 A.2d 267 (1975), there is not an established rule for use in determining when the prosecution's privilege to withhold an informant's identity will be withdrawn. "The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Rovario v. United States*, 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639 (1967). *See also, Commonwealth v. Garvin*, 448 Pa. 258, 293 A.2d 33 (1972); *Commonwealth v. McGinn*, 251 Pa.Super. 170, 380 A.2d 431 (1977).

In order for revelation of the informant's identity to be required, there must be some showing of the necessity of the identification to the defendant's case. If testimony of police officers is the sole evidence to support a conviction, other than the testimony of a neutral eyewitness-informant, the defendant may be entitled to the informant's identification. *See Commonwealth v. Carter*, 427 Pa. 53, 233 A.2d 284 (1967). The informant's identity might also assist a defendant when the defense of entrapment is raised or there is an identification issue. *Commonwealth v. Williams, supra.* Appellant in the instant case has asserted none of these justifications to entitle him to disclosure. Rather, to countervail the Commonwealth's interest in anonymity to secure

future cooperation, appellant asserts that introduction of his criminal record could have successfully challenged the informant's motive or credibility.

Initially, we fail to discern the relevance of the informant's "motive." The question of credibility is the all important concern in testing the informant's reliability. Defense counsel succeeded, however, in getting Trooper Kessler to admit that the unnamed informant was involved in pending narcotics actions. The informant's involvement in criminal activity was thus before the court. Therefore, even if the defendant's purpose for requesting the informant's identity could be considered theoretically adequate to compel disclosure, in this case, on balance, appellant was not so entitled. Appellant's objective was accomplished without the need to impinge on the Commonwealth's right.

Finally, we note that appellant's reliance on *Commonwealth v. Hall, supra*, is misplaced. There, the defendant wanted to cross-examine the affiant regrading the allegation in the affidavit that information supplied by the informant had led to previous arrests and convictions. The suppression court refused to permit the defendant to ask the names of those previously convicted; the supreme court found the refusal to be error. The court held that "the veracity of facts establishing probable cause recited in an affidavit supporting a warrant can be challenged and examined at a suppression hearing." 451 Pa. at 204, 302 A.2d at 344. In the instant case, appellant was not attempting to challenge the fact underlying the officer's conclusion of probable cause, but was seeking to delve into collateral matters which by their nature, would entail revelation of the informant's identification, something to be avoided unless necessitated under the case's circumstances.

Further distinguishing *Hall* from the case before us is that there, "Counsel expressly disavowed any intention of ascertaining the identity of the informant, and, to further protect the informant's anonymity, offered to conduct the cross-examination in camera." *Commonwealth v. Hall, supra*, 451 Pa. at 204, 302 A.2d at 343 (footnote omitted).

Here, appellant admits that his goal was disclosure. Recognizing the Commonwealth's right to protect the anonymity of the informant, and being satisfied that, under the facts here presented, appellant had no substantial interest in disclosure, we reject appellant's claim that he was entitled to disclosure of the informant's identity.

■ Appellant's final contention on appeal is that the court below erred in granting the Commonwealth's petition under Pa.R.Crim.P. 1100(c), for an extension of time within which to bring appellant to trial under Pa.R.Crim.P. 1100(a)(2).[4] Because the record in this respect is inadequate, we remand the case.

The complaint in this case was lodged against appellant on October 11, 1975. Under Rule 1100, trial was to commence on or before the 180th day, or April 8, 1976. The case was set for trial on March 23, 1976, during a two-week session of jury trials. On that day, appellant waived his right to a jury trial; and on March 24, the court set the trial date as May 6, and proceeded with jury matters. On March 26, the Commonwealth filed its application for an extension, contending that despite its due diligence, appellant could not be brought to trial before May 6 because of "the large press of business before the court," and the fact that on March 23, 1976, appellant waived trial by jury. The court set argument on the petition for April 15. On April 9, appellant filed an answer to the petition and a separate motion to dismiss under Pa.R.Crim.P. 1100(f).

The record before us contains no transcript from the hearing on the petition, but contains only an order dated April 15, with counsel's appearances recorded thereon. It thus appears that no testimony was taken on the petition and answer. The court, however, finding that the Commonwealth had exercised due diligence, granted the petition and extended the trial date to May 6. The order contains this statement:

4. Pa.R.Crim.P. 1100(a)(2) mandates that: "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

"On the second day of that term, a non-jury waiver was executed after colloquy with the court. In accordance with the practice in this county, this resulted in the case being scheduled for the first available time. The court went on with other jury trials during said week, and the case was not attended to at that time for that reason."

In *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), the supreme court held that the Commonwealth may be granted an extension of time in which to bring a defendant to trial on the basis of judicial delay. The court further advised:

"Henceforth, the trial court may grant an extension under rule 1100(c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try the defendant within the prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided." *Id.*, 469 Pa. at 222, 364 A.2d at 1349–50.

In cases which arose prior to the *Mayfield* decision, the requirement of recorded findings will be more leniently applied. *Commonwealth v. Ferebee*, 259 Pa.Super. 234, 393 A.2d 804 (1978); *Commonwealth v. Barrall*, 256 Pa.Super. 478, 390 A.2d 203 (1978); *Commonwealth v. Stabler*, 251 Pa.Super. 194, 380 A.2d 444 (1977); *Commonwealth v. Tome*, 248 Pa.Super. 242, 375 A.2d 78 (1977).

In the instant case we are faced with a deficient record.[5] A hearing on the petition of March 26, 1976, is a necessary prerequisite to a determination of the petition's validity. As we have done in such situations in the past, we accordingly

5. It appears from the Commonwealth's application that the case was continued from October 23, 1975, to November 7, 1975, at appellant's request. This would result in no excludable time since the continuance was less than thirty days. Pa.R.Crim.P. 1100(d)(2). Three days, from November 7th to the 10th remain in question, but even if found excludable would not alter the outcome in this case. In any event, this issue of excludable time is cast in doubtful light in view of *Commonwealth v. Morgan*, 484 Pa. 117, 398 A.2d 972 (1979).

remand. *E. g., Commonwealth v. Ferebee, supra; Commonwealth v. Stabler, supra.* If it is found as fact that: (1) the Commonwealth was prepared to proceed with this case prior to April 8, 1976, but that the decision to have the case heard non-jury caused *unavoidable* judicial delay; and (2) May 6, 1976, was indeed the earliest possible date that the case could be rescheduled, then the extension can be deemed proper; the judgment of sentence should accordingly stand. If, however, the court should find that the Commonwealth did not exercise due diligence, then appellant must be discharged. Following the decision on remand, the aggrieved party may appeal.

Case remanded for an evidentiary hearing in accordance with this opinion.

SPAETH, J., concurs in the result.

HESTER, J., files a dissenting statement.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

HESTER, J., dissents only to the portion of the opinion ordering a remand for the purpose of disposing of the Rule 1100 issue. I would affirm on the Opinion of Judge Blakey of the court below.