459 A.2d 830

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Michael WILLIAMS.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 1982.

Filed May 6, 1983.

Petition for Allowance of Appeal Denied Oct. 5, 1983.

Montemuro, J., concurred in part, dissented in part, and filed opinion.

244

Michael J. Kane, District Attorney, Doylestown, for Commonwealth, appellant.

Martha Sperling, Assistant Public Defender, Doylestown, for appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

SPAETH, Judge:

The Commonwealth appeals from an order suppressing all statements made by defendant between his arrest and arraignment. The lower court suppressed the statements on the ground that the Commonwealth failed to prove that

defendant was arraigned within six hours of his arrest. *Commonwealth v. Davenport,* 471 Pa. 278, 370 A.2d 301 (1977). We agree with the lower court that the Commonwealth did fail to prove that defendant was arraigned within six hours of his arrest. However, defendant made two statements—one oral and one typewritten statement—and the record discloses that the typewritten statement was made *after* the arraignment. We therefore affirm the lower court's order so far as it suppresses the oral statement, but reverse so far as it suppresses the typewritten statement.

–1–

■ We must first determine whether the lower court's order is appealable. In *Commonwealth v. Lapia,* 311 Pa.Super. 264, 457 A.2d 877 (1983), this court held that "[w]hen confronted with a Commonwealth appeal from an order suppressing evidence, we must determine for ourselves whether the order is appealable—whether it terminates or substantially handicaps the prosecution; and we must make that determination on the basis of the record, and on that basis alone." *Id.,* 311 Pa.Superior at 277, 457 A.2d at 884. Applying this test here, we are satisfied that the lower court's order is appealable. Defendant is charged with burglary, theft by unlawful taking and disposition, receiving stolen property, conspiracy, and possession of a controlled substance with intent to deliver. The record reveals that without at least one of defendant's statements, the Commonwealth will be substantially handicapped, for the statements are the only evidence the Commonwealth has to support the charge of possession of a controlled substance, and it appears that there is very little other evidence available to the Commonwealth to support the other charges.

–2–

■ Pa.R.Crim.P. 130(a) provides:

Except as provided in paragraphs (b) and (c), when a defendant has been arrested without a warrant in a court

case, he shall be taken without unnecessary delay before the proper issuing authority where a complaint shall be filed against him and he shall be given an immediate preliminary arraignment.

In *Commonwealth v. Davenport, supra,* our Supreme Court held that "[i]f the accused is not arraigned within six hours of arrest, any statement obtained after arrest but before arraignment shall not be admissible at trial." *Id.* 471 Pa. at 286, 370 A.2d at 306 (footnote omitted).

Defendant was arrested at 8:40 a.m. N.T. 57. Although we held in *Commonwealth v. Ryles,* 274 Pa.Super. 547, 418 A.2d 542 (1980), that exigent circumstances may justify a delay in arraignment, no such circumstances existed here. Accordingly, under *Davenport* he had to be arraigned by 2:40 p.m. Defendant gave an oral statement about 10:00 a.m., N.T. 64, and began giving a typewritten statement at 2:36 p.m., N.T. 65. The District Justice's transcript shows that defendant was arraigned at 2:55 p.m.

Officer Iaccarino brought defendant to the District Justice for arraignment. Apparently they got to the District Justice's office between 2:20 and 2:30 p.m. The officer testified:

THE COURT: What is your independent recollection as to the time Mr. Williams was arraigned?

THE WITNESS: From writing down in my report, seeing my watch in the J.P.'s office, and marking it down on the report which I had transposed for the Court case.

MR. McHUGH [assistant district attorney]: What time was that officer?

THE WITNESS: Of what, sir?

MR. McHUGH: That you took Mr. Williams to be arraigned?

THE WITNESS: It was prior to quarter to three, or 14:45 hours on the 11th of August, 1980.

BY MR. McHUGH:

Q. That was when you took Mr. Williams over to the District Justice office?

A. No, sir.

Q. When did you take him over to the District Justice Office?

A. I would say it would be fifteen or twenty-five minutes, that was—

Q. Fifteen to twenty-five minutes before 14:45 hours?

A. Yes.

N.T. 66.

Officer Iaccarino also testified, however, that defendant was giving a statement at the police station at 2:36. N.T. 65. (The District Justice's office is in a building adjacent to the police station.) The typewritten statement also recites "Time Started" as "14:36 hours."

The lower court said that there was "insufficient evidence from which the Court can conclude that the Commonwealth has met its burden of showing that the defendant was arraigned within six hours after his 8:40 a.m. arrest." N.T. 100. We agree with this statement and accordingly, we hold that all statements made *between* defendant's arrest at 8:40 a.m., and his arraignment, at 2:55 p.m., should be suppressed. While this conclusion requires that defendant's oral statement must be suppressed, since it was given at 10:00 a.m., the question remains whether the typewritten statement must also be suppressed.

■ As we have mentioned, the typewritten statement recites "Time Started" as "1436 hours." It recites "Time Completed" as "1606 hours," or 4:06 p.m. Although there is no indication in the statement of a break for the arraignment, we know from the record that defendant was arraigned at 2:55 p.m. Evidently, therefore, part of the typewritten statement was given *after* the arraignment. We think it fair to say that in practical effect, the entire statement was made after the arraignment. Defendant began the statement at 2:36 p.m., just a few minutes before his arraignment, and after arraignment he continued it until

4:06. In addition, defendant's signature appears at the end of the statement.

The prompt arraignment rule was adopted "not simply to guard against the coercive influence of custodial interrogation, but to ensure that the rights to which an accused is entitled at preliminary arraignment are afforded without unnecessary delay." *Commonwealth v. Davenport, supra* 471 Pa. at 284, 370 A.2d at 305. We believe that the record shows that these purposes have been served here. After his arraignment, defendant was fully advised of his rights. He was therefore no longer under the "coercive influence" associated with pre-arraignment delay. Nevertheless, he continued to give the typewritten statement, and at its conclusion, signed it. In these circumstances, we see no reason to suppress the statement.

The order of the lower court is affirmed so far as it suppresses defendant's oral statement, but is reversed so far as it suppresses his typewritten statement.

MONTEMURO, J., files a concurring and dissenting opinion.

MONTEMURO, Judge, concurring and dissenting:

While I agree that the trial court's order suppressing the defendant's typewritten statement must be reversed, I would also reverse the order suppressing the oral statement. I therefore respectfully dissent from the majority opinion.

The oral statement was made by the defendant approximately one hour and twenty minutes after his arrest. I do not believe that the judically promulgated rule of *Commonwealth v. Davenport*, 471 Pa. 278, 370 A.2d 301 (1977) was designed to prevent the admission of such statements despite the broad sweep of the holding of that case.

The analysis of our supreme court in *Davenport* relies to a great extent upon *Commonwealth v. Williams*, 455 Pa. 569, 319 A.2d 419 (1979), which "established a three part

test for determining whether evidence obtained during pre-arraignment delay will be suppressed: (1) the delay must be unnecessary; (2) the evidence must be prejudicial; and (3) the evidence must be reasonably related to the delay." *Commonwealth v. Davenport*, supra 371 Pa. at 284, 370 A.2d at 305. The defendant's oral statement cannot be said to be "reasonably related" to the delay in this case. The delay was an isolated circumstance occurring hours later. Additionally, it was of limited duration and did not prejudice the defendant.

In the recent case of *Commonwealth v. Jenkins*, 500 Pa. 144, 454 A.2d 1004 (1982), our supreme court clarified any misconceptions about the rigid prophylactic effect of the *Davenport* rule. In *Jenkins*, the court stated that:

> From the outset we stressed that it was not intended to be a mechanical rule to enforce compliance with our procedural rules by insisting upon a reasonable relationship between the delay and the evidence sought to be excluded. (Citation omitted)

*Id.*, 500 Pa. at 148, 454 A.2d at 1006. Furthermore, they went on to say:

> Nevertheless our objective remains the same. At no time did we wish to cut off freely volunteered confessions of guilt, nor did we wish to impede legitimate law enforcement efforts. The primary purpose sought to be obtained was to discourage the obtaining of incriminatory information through coercive means.

*Id*, 500 Pa. at 150, 454 A.2d at 1007. See also *Commonwealth v. Bennett*, 498 Pa. 656, 450 A.2d 970 (1982).

I do not think that suppression of a statement made a short time after arrest because of a brief delay in arraignment furthers the purpose of the rule. There is no allegation of any coercive circumstances save that the arraignment was six hours and fifteen minutes after arrest. Consequently, I do not think that the severe sanction of suppression is warranted in this case.