483 A.2d 498

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Alvin MILLER.**

Superior Court of Pennsylvania.

Argued March 14, 1984.

Filed Sept. 21, 1984.

Reargument Denied Nov. 26, 1984.

Steven J. Cooperstein, Assistant District Attorney, Philadelphia, for Commonwealth, appellant.

Donald S. Bronstein, Assistant Public Defender, Philadelphia, for appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

## OPINION

WIEAND, Judge:

Where the Commonwealth, in order to protect the life of an informant, refuses to disclose publicly the informant's identity or the identity of prior cases in which he cooperated with the police, does a suppression court properly strike the search warrant affidavit reciting probable cause provided by the informant and suppress the fruits of an armed

robbery found in the accused's residence? We conclude that the evidence in this case was improperly suppressed. Therefore, we reverse and remand for further proceedings.

The relevant facts are not in dispute. On April 18, 1982, Korman's Discount Store on Ridge Avenue in Philadelphia was robbed by two men, one of whom wielded a sawed-off shotgun. Jewelry was taken having a value of several thousand dollars. On the following day, April 19, Detective John Knowles obtained a search warrant, with authority to conduct a nighttime search, for premises occupied by Alvin Miller at 2149 West Sherwood Street, Philadelphia. The affidavit of probable cause provided as follows:

On Monday 4–19–82 Kormans Discount 2163 Ridge Ave was robbed by two negro males at approximately 4:10 PM. This robbery was committed point of shot gun. When the two males were unable to gain entrance to the safe they broke the glass of a display case and removed several thousand dollars worth of jewelry[.] These items are discribed [sic] above as items to be searched for. On Monday 4–19–82 the affiant received [sic] a telephone call at about 7:25 PM from a person who has given the affiant information in the past. The affiant met the informant and after having him identify a photo of the above named male the informant directed the affiant to the actors [sic] residence. The informant went on to say that earlier that day (4–19–82) he had been told by a Rodney Brooks that he and another male were "going to get down". A short time after this the informant saw Rodney Brooks in the company of the above named actor and was asked if he wished to buy any jewelry. Both the actor and Rodney Brooks had a large guanity [sic] of jewelry on them. He further stated that he heard both Brooks and Miller tell another male that they had robbed the Korean store at 22nd and Ridge and that is where the jewelry came from.

The affiant noted that the owners of Kormans Discount are Korean and that the actor fits the description [sic] of

one of the males. This discription [sic] was given by the Korean owner and a negro employee.

CREDITABILITY: [sic] The affinat [sic] notes the following to attest to the creditability [sic] of the informant: On Thursday 4–15–82 the informant gave the affiant information leading to the arrest of two males involved in a burglary and an auto theft. This information also led to the recovery of the stolen motor vehicle. The affiant then contacted Det [sic] Louis Green # 9179 who stated that he had received information from the same informant that had led to two arrests in the past 4 weeks and in one of the cases property was recovered.

On Monday 4–19–82 the affiant again spoke to the informant at 10:30PM and was advised that Alvin Miller had just been seen by him on the street and he was still wearing some of the jewelry.

Based on the affiants belief that the above statements are true and based on reliability of the informants past information the affiant respectfuly [sic] requests the issuence [sic] of this warrant to facilitate the recovery of the stolen goods.

The affiant further requests that a night time search be permitted due to the ease with which the stolen property can be moved or disposed of. All of the listed items except for the shotgun can be secreted on the body of one individual and removed from the property.

When the warrant was executed, police found a sawed-off shotgun and numerous pieces of jewelry which had been taken in the armed robbery on the previous day.

At a pre-trial suppression hearing, Miller's counsel attempted to challenge the reliability of the informant whose "tip" had led to discovery of the stolen jewelry. He did not contend that the affiant had falsified the existence of the informant. During cross-examination of Knowles, the affiant, defense counsel asked for the names of the persons previously arrested because of information provided by the informant. Knowles said that he would not divulge this information in open court because its disclosure would lead

to identification of the informant, whose life would thereafter be in serious danger. After the hearing judge and counsel had conferred in chambers, without the defendant being present, the hearing was continued until the following morning and Knowles was requested to obtain from another police officer the identities of the other persons who had been arrested as a result of information supplied by the informant.

When the proceedings were resumed the following morning, the Commonwealth requested the hearing judge to receive evidence pertaining to the informant's prior activities in camera without the presence of the defendant or his counsel. This request was denied. Detective Knowles then testified and explained that identification of the persons whose arrests had been made possible with assistance from the informant would make it possible to identify the informant and explained also why the informant's life would be endangered by disclosure of his identity. When the court nevertheless required the witness to disclose the information requested, the attorney for the Commonwealth offered to disclose the names of persons arrested by the witness, Detective Knowles, based upon information supplied by the informant. Defense counsel insisted on knowing the names of persons arrested by other police as well. Since the informant had also been a witness in one of these cases, Knowles refused to provide this information. Thereupon, the hearing court ordered all information supplied by the informant stricken from the affidavit. With this information deleted, the court found the affidavit insufficient to show probable cause for the issuance of a warrant to search. It concluded, therefore, that the search had been illegal and entered an order suppressing the evidence obtained from the defendant's residence. The Commonwealth appealed.

"When confronted with a Commonwealth appeal from an order suppressing evidence, we must determine for ourselves whether the order is appealable—whether it terminates or substantially handicaps the prosecution; and we

must make that determination on the basis of the record ...." *Commonwealth v. Lapia*, 311 Pa.Super. 264, 277, 457 A.2d 877, 884 (1983). See also: *Commonwealth v. Markman*, 320 Pa.Super. 304, 308 n. 1, 467 A.2d 336, 338 n. 1 (1983); *Commonwealth v. York*, 319 Pa.Super. 13, 15, 465 A.2d 1028, 1029–1030 (1983); *Commonwealth v. Johnson*, 315 Pa.Super. 579, 582, 462 A.2d 743, 744–745 (1983). In the instant case, there can be no doubt that the Commonwealth's prosecution of the defendant was substantially handicapped by an order suppressing the weapon used in the robbery and the jewelry taken in the robbery. The only other evidence connecting appellee with the robbery was identification made by the victim. This identification, although positive at the preliminary hearing, had been tentative during an earlier lineup. See and compare: *Commonwealth v. Rodriguez*, 330 Pa.Super. 295, 297–298, 479 A.2d 558, 559 (1984); *Commonwealth v. York, supra; Commonwealth v. Walsh*, 314 Pa.Super. 65, 460 A.2d 767 (1983); *Commonwealth v. Mack*, 313 Pa.Super. 372, 459 A.2d 1276 (1983); *Commonwealth v. Williams*, 313 Pa.Super. 243, 459 A.2d 830 (1983).

■ "To support a search warrant, an affidavit must provide a magistrate with sufficient information to persuade a reasonable person that there is probable cause for a search." *Commonwealth v. Mazzochetti*, 299 Pa.Super. 447, 454, 445 A.2d 1214, 1217 (1982). It is well-settled that a "tip" from an unnamed informant can properly form the basis for probable cause, provided there is adequate evidence of the informant's credibility. Following the decision of the United States Supreme Court in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the courts of this State employed a "two pronged test" to determine whether an informant's tip was sufficient to show probable cause. A police affiant requesting a warrant was required to state the circumstances by which the informant obtained the information recited in the affidavit. He was also required to state in the affidavit the basis for finding the informant reliable. In *Illinois v. Gates*, 462 U.S. 213, 103

S.Ct. 2317, 76 L.Ed.2d 527 (1983), however, the United States Supreme Court replaced the "two pronged test" with a totality of the circumstances test. This Court has followed *Illinois v. Gates, supra*, and has applied a totality of the circumstances approach in cases subsequently coming before it. See: *Commonwealth v. Corleto*, 328 Pa.Super. 522, 525–526, 477 A.2d 863, 865 (1984); *Commonwealth v. Ensminger*, 325 Pa.Super. 376, 383, 473 A.2d 116, 118 (1984); *Commonwealth v. Gray*, 322 Pa.Super. 37, 46, 469 A.2d 169, 173 (1983); *Commonwealth v. Rosario*, 320 Pa. Super. 215, 217, 467 A.2d 5, 6 (1983); *Commonwealth v. Price*, 318 Pa.Super. 240, 244, 464 A.2d 1320, 1323 (1983). Now, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates, supra* 462 U.S. at 238, 103 S.Ct. at 2332, 76 L.Ed.2d at 548; *Commonwealth v. Price, supra* 318 Pa.Super. at 247, 464 A.2d at 1324. "[A]n informant's 'veracity,' 'reliability' and 'basis of knowledge' are all highly relevant in determining the value of his report.... [H]owever, ... these elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case ... Rather, ... they should be understood simply as closely intertwined issues that may usefully illuminate the commonsense, practical question whether there is 'probable cause' to believe that contraband or evidence is located in a particular place." *Illinois v. Gates, supra* 462 U.S. at 230, 103 S.Ct. at 2327–2328, 76 L.Ed.2d at 543. See: *Commonwealth v. Gray, supra* 322 Pa.Super. at 46, 469 A.2d at 173.

■ A defendant may go beyond the four corners of an affidavit on which a search warrant is issued to challenge the veracity of the affiant whose assertions established probable cause. "To rule otherwise would permit the police in every case to exaggerate or expand on the facts given to

the magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination of whether probable cause for the warrant existed." *Commonwealth v. D'Angelo*, 437 Pa. 331, 337–338, 263 A.2d 441, 444 (1970). See: *Commonwealth v. Ryan*, 268 Pa.Super. 259, 265, 407 A.2d 1345, 1348 (1979). Thus, in *Commonwealth v. Hall*, 451 Pa. 201, 302 A.2d 342 (1973), the Supreme Court held that the affiant could be cross-examined at a suppression hearing to determine the veracity of a statement in the affidavit that a confidential informant had supplied information on prior occasions leading to five arrests and three convictions. The Court said:

> [T]he allegation of "5 arrests and 3 convictions" resulting from an unnamed informant's earlier information is an assertion that is impossible for a defendant to explore prior to the suppression hearing, and is clearly a proper subject for inquiry there.... Indeed, the only existing method to effectively probe the veracity of the assertion is to allow a defendant meaningful cross-examination of the police officer-affiant at the suppression hearing....
>
> It must be concluded that appellant at the suppression hearing should have been afforded the opportunity through "the traditional safeguard" of cross-examination, to test the truthfulness of the recitals in the warrant alleging the informant's previous reliability.

*Id.*, 451 Pa. at 207–208, 302 A.2d at 345–346. See also: *Commonwealth v. DeCaro*, 298 Pa.Super. 32, 47, 444 A.2d 160, 167–168 (1982); *Commonwealth v. Zimmerman*, 282 Pa.Super. 286, 296–297, 422 A.2d 1119, 1124–1125 (1980).

An accused's right to cross-examine the affiant regarding the reliability of the informant will, at times, conflict with the Commonwealth's right to withhold from disclosure the identity of persons who furnish information to police of violations of law. This privilege, as Justice Larsen has observed, "is undoubtedly an important and necessary ingredient of the criminal justice system.... '[It] recognizes the obligation of citizens to communicate their knowledge of

the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.' " *Commonwealth v. Iannaccio,* 505 Pa. 414, 436, 480 A.2d 966, 977 (1984) (Opinion in support of reversal), quoting *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644 (1957). The tension between the Commonwealth's privilege of nondisclosure and the right of an accused to test the reliability of information placed in an affidavit must be resolved by "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Commonwealth v. Fox,* 267 Pa.Super. 341, 347, 406 A.2d 1072, 1075 (1979), quoting *Roviaro v. United States, supra* 353 U.S. at 62, 77 S.Ct. at 628–629, 1 L.Ed.2d at 646. Accord: *Commonwealth v. McGinn,* 251 Pa.Super. 170, 173, 380 A.2d 431, 433 (1977); *Commonwealth v. Williams,* 236 Pa.Super. 184, 189–191, 345 A.2d 267, 270 (1975). See also: *Commonwealth v. Herron,* 475 Pa. 461, 466–467, 380 A.2d 1228, 1230 (1977); *Commonwealth v. Garvin,* 448 Pa. 258, 266, 293 A.2d 33, 38 (1972); *Commonwealth v. Carter,* 427 Pa. 53, 59, 233 A.2d 284, 287 (1967); *Commonwealth v. Davis,* 318 Pa.Super. 507, 513, 465 A.2d 669, 671–672 (1983); *Commonwealth v. Garcia,* 261 Pa.Super. 296, 300, 396 A.2d 406, 408 (1978).

■ As a general rule, the disclosure of information leading to the identification of an unnamed informant will be required only upon "some showing that revelation is necessary." *Commonwealth v. McGinn, supra* 251 Pa.Super. at 173, 380 A.2d at 433. A panel of this Court held in *McGinn* that it was error for a suppression court to require a police witness to answer a question tending to disclose the location of the informant's residence. In *Commonwealth v. Fox, supra,* this Court refused to compel disclosure of an informant in order that the accused might obtain the informant's criminal record to challenge his motive and credibility. Disclosure would not be required, the Court said, in the absence of a "substantial interest in disclosure." *Id.* 267 Pa.Super. at 349, 406 A.2d at 1076. Finally, in *Common-*

*wealth v. Williams, supra,* this Court upheld the trial court's refusal to order an in camera interview with the informant where the defendant's only contention was that the informant did not exist, contrary to the testimony of several police officers.[1]  See also: *Commonwealth v. Tolassi,* 489 Pa. 41, 413 A.2d 1003 (1980) (disclosure of informant's identity properly refused where person in question was only one of 62 witnesses to riot whose name was not given to the defense and whose knowledge of the event was of very limited probative value, if any); *Commonwealth v. Garvin, supra* (disclosure of the identity of an informant properly denied where the defendant had been positively identified by the two victims of a robbery, rendering informant's observations, if any, unimportant to the defense); *Commonwealth v. Davis, supra* (counsel not ineffective for failing to seek disclosure of informant's identity where there was no evidence as to how such information would have assisted the defense and overcome the Commonwealth's privilege of nondisclosure); *Commonwealth v. Garcia, supra* (disclosure properly denied where informant was not an eyewitness nor the sole means of identifying accused).  Compare: *Commonwealth v. Washington,* 463 Pa. 206, 344 A.2d 496 (1975) (where informant is sole eyewitness, identity must be disclosed); *Commonwealth v. Carter, supra* (where testimony from a more disinterested source is available, it is error to refuse to disclose an informant who constitutes that source).

"In striking these individualized balances," the Court of Appeals for the Second Circuit has said, "the most persuasive case for disclosure is where the examination of the informant is necessary to vindicate a defense on the merits and where the withholding of the information will thereby compromise the truth finding function of the trial.  Conversely, ... the need for disclosure is far less compelling when it is sought in connection with pre-trial issues, such as the propriety of search or seizure, which do not bear upon

---

1.  An issue factually similar to that in *Williams* was recently argued before an en banc panel of this Court in *Commonwealth v. Bonasorte,* No. 1009 Philadelphia, 1982.

the ultimate question of guilt or innocence." *United States v. Manley*, 632 F.2d 978, 985 (2d Cir.1980), *cert. denied, sub nom. Williams v. United States*, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

In pre-trial suppression hearings, where the need to protect the informant's identity clashes with the accused's right to test the veracity of an affidavit of probable cause, the judge may conduct an in camera hearing. The informant can be identified at this hearing and, if necessary, can be produced. The prosecutor may be present, but not the accused or his attorney. It is not at all realistic to believe that the anonymity of the informant will long be preserved after it has been disclosed to counsel for the defendant. Therefore, defense counsel should not be present. He may, if he chooses to do so, submit in writing any questions which he wishes the hearing judge to ask the informant. A general report, which preserves the anonymity of the informant, can be prepared by the court, and this report can then be made a part of the record and disclosed to counsel for the accused. Such a procedure has been adopted and followed in other jurisdictions. See, e.g.: *United States v. Perez-Gomez*, 638 F.2d 215 (10th Cir.1981); *United States v. Manley, supra; United States v. Cortese*, 614 F.2d 914 (3rd Cir.1980); *United States v. Freund*, 525 F.2d 873 (5th Cir.) *cert. denied*, 426 U.S. 923, 96 S.Ct. 2631, 49 L.Ed.2d 377 (1976); *People v. Darden*, 34 N.Y.2d 177, 356 N.Y.S.2d 582, 313 N.E.2d 49 (1974);[2] *State v. Potter*, 25 Wash.App. 624, 611 P.2d 1282 (1980).

Appellee contends that this procedure has been precluded by the decision of the Pennsylvania Supreme Court in *Commonwealth v. Hall, supra.* We disagree. The Court in *Hall* was not faced with a need to protect the identity of an informant. Therefore, it did not consider the conflict which has caused other courts to adopt the in camera, ex parte hearing as a compromise of the conflicting interests

---

**2.** *Darden* was expressly disapproved on other grounds in *People v. Belton*, 50 N.Y.2d 447, 429 N.Y.S.2d 574, 407 N.E.2d 420 (1980), which, in turn, was reversed on other grounds by the United States Supreme Court in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).

of Commonwealth and accused. Moreover, in *Commonwealth v. Iannaccio, supra,* both the opinion in support of affirmance and the opinion in support of reversal expressed approval of innovative procedures intended to protect the anonymity of the informant. In that case, the trial court had suggested a procedure by which the Commonwealth could have produced the informant in camera.

██ The danger to the life of the informant in this case is real; it is not disputed. Disclosure of cases in which he previously gave information will most likely lead to the accused's ability to identify the informant. The need to preserve his anonymity is substantial. On the other hand, identification of the informant will serve only a limited interest of the appellee. He does not challenge the existence of the informant but seeks only to challenge the reliability of the informant as established by prior conduct recited in the search warrant affidavit. Compare: *Commonwealth v. Williams, supra.* He seeks to challenge the credibility of the information relied upon by the issuing authority in issuing the warrant to search. That this is a valid purpose has been established in Pennsylvania by the decision in *Commonwealth v. Hall, supra.* However, appellee has not been deprived of the right to cross-examine the affiant, which *Hall* guarantees. He has been deprived only of the right to cross-examine the affiant regarding the identity of the informant. The identity of the informant will not assist appellee in establishing his innocence of the charges brought against him. Under these circumstances, the credibility of the affiant's representations concerning the informant can be inquired into in camera, without the presence of the accused or his counsel. In this manner the safety of the informant can be assured without depriving the accused of the right to insist that a search warrant be issued only upon probable cause.

██ The Commonwealth argues that an additional suppression hearing is unnecessary because, even without the informant's history of reliability, the information which he supplied was sufficiently corroborated by other facts recit-

ed in the affidavit.[3] We are unable to accept this argument. Our examination of the affidavit discloses corroboration of the fact that a robbery occurred, but corroboration of nothing more. Specifically, there is no corroboration of the "tip" that appellee was a participant in the robbery or that there was reason to believe that contraband could be found in his residence. See and compare: *Commonwealth v. Corleto, supra* (tip corroborated by observation of indicia of drug dealing); *Commonwealth v. O'Shea,* 328 Pa.Super. 104, 476 A.2d 911 (1984) (tip corroborated by observation of marijuana being unloaded at house in question); *Commonwealth v. Price, supra* (tip corroborated by police officer who established surveillance near accused's apartment, overheard drug transactions and detected strong odor of marijuana); *Commonwealth v. Deemer,* 316 Pa.Super. 28, 462 A.2d 776 (1983) (tip leading to warrantless arrest corroborated by officers' observation of vehicle, occupants thereof, and stolen property at a time and place described beforehand by informant); *Commonwealth v. Miley,* 314 Pa.Super. 88, 460 A.2d 778 (1983) (tip corroborated by surveillance and detection of odor of methamphetamine); *Commonwealth v. Barba,* 314 Pa.Super. 210, 460 A.2d 1103 (1983) (tip from named informant corroborated by officers' direct observation of stolen goods in accused's buildings). The search warrant affidavit must be sufficient to allow the issuing authority to determine whether the informant is credible. This, in the instant case, depended entirely on whether the assertions of prior reliability were worthy of belief. The reliability of the information provided by the informant was not established other than by the recited history of prior accurate information which he had supplied.

---

**3.** An otherwise insufficient informant's tip can afford a basis for probable cause upon corroboration by the police. See, e.g.: *Illinois v. Gates,* 462 U.S. 213, 241, 103 S.Ct. 2317, 2334, 76 L.Ed.2d 527, 550 (1983); *Whiteley v. Warden of Wyoming Penitentiary,* 401 U.S. 560, 567, 91 S.Ct. 1031, 1036, 28 L.Ed.2d 306, 312–313 (1971); *Commonwealth v. Corleto,* 328 Pa.Super. 522, 526, 477 A.2d 863, 864 (1984); *Commonwealth v. O'Shea,* 328 Pa.Super. 104, 110, 476 A.2d 911, 913 (1984); *Commonwealth v. Price,* 318 Pa.Super. 240, 250–252, 464 A.2d 1320, 1326–1327 (1983); *Commonwealth v. Barba,* 314 Pa.Super. 210, 215, 460 A.2d 1103, 1115 (1983); *Commonwealth v. Miley,* 314 Pa.Super. 88, 95, 460 A.2d 778, 782 (1983); *Commonwealth v. Grabowski,* 306 Pa.Super. 483, 493, 452 A.2d 827, 833 (1982).

Reversed and remanded for proceedings consistent with the foregoing opinion. Jurisdiction relinquished.

CAVANAUGH, J., concurs in the result.