**UNITED STATES of America**

v.

**Ruben CADENA–SANTOS.**

**Crim. No. L–88–435.**

United States District Court,
S.D. Texas,
Laredo Division.

Oct. 6, 1988.

Joe Sepeda, Asst. Public Defender, Laredo, Tex., for defendant.

Jeffery A. Babcock, San Antonio, for the U.S.

MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant's motion to suppress. The issue is whether the Government agents had probable cause to justify stopping Defendant's vehicle, ordering Defendant out of the vehicle, reaching into the vehicle to pull the hood latch, and open-

ing the hood of the vehicle. The Court finds that they did.

The agents had received two tips from an individual who eventually identified himself as an informant and who had given reliable information on several previous occasions. The information was corroborated by surveillance. The Defendant arrived at the 3600 block of San Eduardo Avenue as predicted, in the automobile described by the informant. Shortly thereafter he was seen placing a grey package under the hood of his vehicle. The package generally fit the description given by the informant, who indicated that the package would contain black tar heroin. The Defendant then proceeded to drive in a somewhat erratic manner to the intersection where he was finally stopped. The Defendant was known to the agents to be a convicted heroin dealer, recently released from prison. In fact the two agents who testified at the suppression hearing had been involved in the Defendant's prior case. The factual circumstances were also sufficiently exigent to justify a warrantless search under the "automobile exception." *See generally Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Reyes*, 792 F.2d 536 (5th Cir.1986); *United States v. Barbin*, 743 F.2d 256 (5th Cir. 1984); *United States v. Cisneros–Mireles*, 739 F.2d 1000 (5th Cir.1984).

The motion to suppress is DENIED.