599 A.2d 656

**COMMONWEALTH of Pennsylvania**

v.

**Carl Franz OGBORNE, Appellant.**

Superior Court of Pennsylvania.

Argued November 1, 1988.

Filed Oct. 21, 1991.

Reargument Denied Dec. 30, 1991.

F. Kirk Adams, Media, for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Newton Square, for Com., appellee.

Before CAVANAUGH, TAMILIA and POPOVICH, JJ.

TAMILIA, Judge:

Carl Franz Ogborne appeals from judgment of sentence imposed May 13, 1988. Following a nonjury trial, appellant was convicted of possession of a controlled substance [1] and possession with intent to deliver a controlled substance,[2] and sentenced to a term of two and one-half to five years imprisonment. On direct appeal, this Court reversed the judgment of sentence holding:

> [P]olice may not conduct a valid investigative stop based solely on a confidential informant's isolated and uncorroborated allegation that a particular individual is in possession of drugs.... [I]n the absence of exigent circumstance, admittedly not present here, unsupported allegations by informants that certain individuals possess drugs which do not rise to the level of probable cause for a search warrant, may not be utilized by the police five (5) hours later to justify an investigative stop on a person's private property.

*Commonwealth v. Ogborne*, 384 Pa.Super. 604, 611–12, 559 A.2d 931, 935 (1989) (Tamilia, J., dissenting), *reargument denied*, July 10, 1989. Although allocatur was initially granted by the Pennsylvania Supreme Court, *Commonwealth v. Ogborne*, 524 Pa. 626, 574 A.2d 68 (1990), the appeal was later dismissed as being improvidently granted.

1. 35 P.S. § 780–113(a)(30).
2. *Id.*

*Commonwealth v. Ogborne,* 525 Pa. 570, 583 A.2d 789 (1991). This case is again before this Court upon remand from the United States Supreme Court, which vacated this Court's previous decision for further consideration in light of *Alabama v. White,* 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). *Pennsylvania v. Ogborne,* —— U.S. ——, 111 S.Ct. 1408, 113 L.Ed.2d 462 (1991).

Once again, the sole issue preserved for appeal is whether the police conducted a valid investigatory stop, pursuant to *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), to justify their subsequent search and seizure. With the guidance of *White,* we find no distinction between that case and this one, and we now affirm the judgment of sentence.

In the early evening hours of January 15, 1987, Detective Glenn Greenwalt of the Delaware County Criminal Investigation Division returned a telephone call to a confidential informant. The informant had been reliable in the past and had given information which resulted in arrests and convictions dealing with narcotics within Delaware County within the previous year. Based on personal knowledge, the informant advised Greenwalt appellant would be returning from Philadelphia to the 100 block of Saude Avenue, Tinicum Township, within a few hours driving a new, black Dodge Daytona, and would have in his possession approximately ten bundles of phencyclidine ("PCP").

Detective Greenwalt knew appellant from previous investigations of possession and distribution of PCP in 1981 and 1985. He telephoned Tinicum Township police and confirmed appellant and his wife resided at 115 Saude Avenue and a black Dodge Daytona frequently was parked in front of that residence.[3] Police then established surveillance of the 100 block of Saude Avenue. At approximately 11:20 p.m., the police observed a new, black Dodge Daytona turn

---

[3]. Detective Greenwalt testified that after receiving the information from the confidential informant, he did not attempt to get a search warrant or arrest warrant because he did not believe he had sufficient probable cause to obtain one.

onto Saude Avenue heading toward appellant's residence. As Detective Greenwalt approached the vehicle, it turned into the driveway of 115 Saude Avenue and Detective Greenwalt recognized the driver as appellant. Detective Greenwalt's unmarked police car, followed by another unmarked police car and patrol car, pulled into the driveway behind appellant's vehicle and activated its red flashing dashboard lights. Detective Greenwalt approached the vehicle, whose engine was still running, and tapped on the driver's window, displaying his badge and identifying himself as a police officer. Despite repeated requests, appellant did not turn off the car motor until Detective Greenwalt began to open the driver's door. Upon opening the door, Detective Greenwalt detected the odor of PCP within the vehicle and asked appellant to step out of the car. A "pat down" search of appellant outside the car disclosed approximately 89 packets of PCP, and a subsequent search of his vehicle resulted in the discovery of a small amount of PCP. This evidence was the basis for the charges filed against appellant.

■ The basis of the *Terry* rule determines the reasonableness of the search by balancing the need to search against the invasion which the search entails, requiring the police to justify the particular intrusion by pointing to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. *Id.* at 21, 88 S.Ct. at 1879–80, 20 L.Ed.2d at 905–06.

> [Pursuant to *Terry*,] certain seizures are justifiable under the Fourth Amendment if there is articulable suspicion that a person has committed or is about to commit a crime.... [R]easonable suspicion of criminal activity warrants a temporary seizure for the purpose of questioning limited to the purpose of the stop.... [T]emporary detention for questioning on less than probable cause [is justified] where the public interest involved is the suppression of illegal transactions in drugs or of any other serious crime....

*Florida v. Royer,* 460 U.S. 491, 497–99, 103 S.Ct. 1319, 1323–25, 75 L.Ed.2d 229, 237 (1983); *Commonwealth v. Lidge,* 399 Pa.Super. 360, 582 A.2d 383 (1990).

While the threshold for establishing probable cause is necessarily higher than for establishing a reasonable suspicion, it is not inappropriate to apply the same benchmark to both determinations. In Pennsylvania, our Supreme Court has adopted the "totality of the circumstances" test set forth by the United States Supreme Court in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). This places Pennsylvania in conformity with *White,* where it was held:

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.... Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors—quantity and quality—are considered in the "totality of the circumstances—the whole picture" that must be taken into account when evaluating whether there is reasonable suspicion. Thus, if a tip has a relatively low degree of reliability, more information will be required to establish the requisite quantum of suspicion than would be required if the tip were more reliable.

*Id.* at 2416, 110 L.Ed.2d at 309 (citation omitted).

■ In this case, Detective Greenwalt received specific information from a reliable informant with personal knowledge of appellant's return time to his home in Delaware County from Philadelphia in a specific make and model of automobile and carrying bundles of PCP. The detective's subsequent investigation corroborated much of this infor-

mation, and it was confirmed by the arrival of the described vehicle at the time and place indicated.

> [B]ecause an informant is shown to be right about some things, he is probably right about other facts that he has alleged, including the claim that the object of the tip is engaged in criminal activity. Thus, it is not unreasonable to conclude ... that the independent corroboration by the police of significant aspects of the informer's predictions imparted some degree of reliability to the other allegations made by the caller.

*Id.* at 2417, 110 L.Ed.2d at 310.

Applying *White* to this case, we find the information presented to Detective Greenwalt and corroborated by him, under the totality of the circumstances, exhibited sufficient indicia of reliability to justify the investigatory stop of appellant. In *White*, the police reviewed an anonymous telephone tip that White would be leaving a particular apartment at a particular time in a particular vehicle, that she would be going to a particular motel and that she would be in possession of about an ounce of cocaine inside a brown attache case. Police surveillance disclosed White leaving the particular apartment within the time frame predicted by the caller. Police stopped White just short of the motel, and a consent search of her attaché case uncovered marijuana. A subsequent search of her purse led to the discovery of three milligrams of cocaine.

We cannot agree with appellant's assertion that once in the driveway of his home, appellant was insulated from further police activity without a search warrant. Even searches of a residence, under exigent circumstances supported by sufficient evidence of a crime in progress, may be constitutionally permitted. The fact the "itinerary" supplied by the informant in *White* led to a motel rather than a residence should not be accorded undue significance. It is the *itinerary* and accompanying circumstances and not the destination itself which is of critical importance here. It is well-established where police have a right to stop an automobile and it turns into a residential driveway, the

police may pursue and stop it. *Scher v. United States,* 305 U.S. 251, 59 S.Ct. 174, 83 L.Ed. 151 (1938); *see United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976); *Commonwealth v. Fox,* 267 Pa.Super. 341, 406 A.2d 1072 (1979). The "totality of circumstances" test is sufficiently broad to cover the circumstances of this case within federal and state constitutional strictures.[4]

As we find the *Terry* stop conducted by the police in this case entirely reasonable and in accord with *White, supra,* we affirm the judgment of sentence imposed May 13, 1988.

Judgment of sentence affirmed.

POPOVICH, J., dissents.

POPOVICH, Judge, dissenting:

The present appeal is before this court upon remand from the United States Supreme Court which vacated our previous judgment in *Commonwealth v. Ogborne,* 384 Pa.Super. 604, 559 A.2d 931 (1989), and ordered this court to review our decision in light of *Alabama v. White,* 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Finding *Alabama v. White, supra,* distinguishable on its facts from the case *sub judice,* I respectfully dissent from the opinion of the majority.

Once again, the issue presented is whether the police conducted a valid investigatory stop, i.e., a *Terry* stop,[1] prior to the search and seizure of evidence. Having complied with the United States Supreme Court's directive, I again conclude that the investigatory stop of appellant was illegal. Therefore, I, unlike the majority, would reaffirm our previous decision in this matter.

The record reveals the following facts: Delaware County Detective Greenwalt returned a telephone call from a confi-

---

**4.** We note appellant's claims concerning the scope and location of the *Terry* stop on private property were not raised in the trial court in his petition to suppress and are, therefore, waived. *Commonwealth v. Baylis,* 477 Pa. 472, 384 A.2d 1185 (1978). We addressed these issues in cursory fashion only in the interest of judicial economy.

**1.** *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

dential informant who had previously provided police with reliable information concerning drug activities. The informant told Detective Greenwalt that appellant would be driving a black Dodge automobile and would arrive later that same evening at the 100 block of Saude Avenue, Tinicum Township, appellant's *residence*. He further informed the officer that appellant would possess phencyclidine or P.C.P. when he arrived. During this conversation, Detective Greenwalt was neither told nor did he attempt to discover the informant's basis of knowledge.

Detective Greenwalt knew appellant had been involved in P.C.P. distribution several years earlier. The detective also confirmed that appellant resided at 115 Saude Avenue and that a black Dodge was often parked in front of that property. The police began surveillance, and, at approximately 11:20 p.m., appellant arrived at his home and pulled into his driveway. The police then blocked the driveway, and four or five officers surrounded appellant's car. Eventually, Detective Greenwalt opened the driver's side door and ordered appellant to shut off the car's engine. At that time, Detective Greenwalt said he smelled the odor of P.C.P. and ordered appellant to exit the car. A search of appellant and the vehicle revealed a large quantity of P.C.P.

In *Alabama v. White, supra,* the police received an anonymous telephone tip that White would be leaving a particular apartment at a particular time in a particular vehicle, that she would be going to a particular hotel and that she would be in possession of an ounce of cocaine inside a brown attache case. The police then observed White leave the apartment at the predicted time in the particular vehicle and proceed to the particular hotel. After stopping her several blocks from the hotel, the police obtained White's consent to a search of her brown attache case. The search of the case revealed a quantity of marijuana. A subsequent search of her purse revealed cocaine.

Based on those facts, the United States Supreme Court reversed the decision of the Court of Criminal Appeals of Alabama and held the anonymous tip, as corroborated by

independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion for the investigatory stop. Significantly, the Justices noted that the anonymous informant was able to predict White's "future behavior" with particularity. The Justices reasoned, "Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about the individual's illegal activities." *Alabama v. White*, 110 S.Ct. at 2417.

Comparing our facts to those of *Alabama v. White*, *supra*, the informant *sub judice* also predicted "future behavior", i.e., that appellant would arrive *at his home in his car sometime later that evening*. However, as stated in our prior *Ogborne* decision, "the actions of appellant were perfectly innocent. He arrived at his residence without any proof of criminal wrongdoing present." *Ogborne*, 384 Pa.Superior Ct. at 611, 559 A.2d at 935. Instantly, the informant merely predicted that appellant would drive his car home during a particular evening. Clearly, there was nothing remotely unusual about appellant's actions; eventually, almost everyone who leaves home returns. Likewise, there was nothing especially intimate or detailed about the information herein provided to the police. The knowledge that a person will return to their own home while driving their own car, without more, certainly does not demonstrate that the informant possessed intimate knowledge of the suspect's legal or illegal activities.

Unlike the informant in *Alabama v. White, supra*, who had detailed knowledge of White's itinerary, Detective Greenwalt's informant simply did not provide sufficiently particular information concerning appellant's itinerary such that it would be reasonable to assume that he was also likely to possess reliable information about appellant's alleged illegal activities. Basically, anyone who knew appellant could have provided the police with the identical information. In other words, the corroboration in this case was insignificant. Analogizing a quote from the dissent of

Justice Stevens in *White, supra,* to the present case, "Anybody with enough knowledge about a given person to make [him] the target of a prank, or to harbor a grudge against [him] will certainly be able to formulate a tip about [him] like the one predicting [appellant's return home]." *Alabama v. White,* 110 S.Ct. at 2418.

Surprisingly, in the present case, the police officers knew the informant and, yet, neglected to act prudently and inquire into the informant's basis of knowledge concerning the tip. Outside of the informant's unsupported allegation that appellant was transporting P.C.P., the Commonwealth cannot point to a single fact upon which to premise the *Terry* stop of appellant. Based on the information at hand, I cannot agree with the majority and the Commonwealth that Detective Greenwalt possessed information sufficient to create the reasonable suspicion necessary for a valid *Terry* stop, even when viewed in the light of *Alabama v. White, supra.* This is especially true given the fact the Justices recognized that *Alabama v. White, supra,* was itself a "close" case. 110 S.Ct. at 2417.

Certainly, there are times when an unverified tip, although insufficient to establish probable cause, nevertheless is sufficient to justify a *Terry* stop. *See Adams v. Williams,* 407 U.S. 143, 147, 92 S.Ct. 1921, 1924, 32 L.Ed.2d 612, 617–18 (1972). In *Adams v. Williams, supra,* the high court sustained a *Terry* stop and frisk undertaken on the basis of a tip given in person to a police officer by a known, reliable informant. However, in that case, the informant, at 2:15 a.m., approached the officer, stationed in a high crime area, and informed him that an individual seated in a nearby vehicle was carrying narcotics and had a gun at his waist. The officer, who knew the informant, approached the vehicle and tapped on the window. The suspect rolled down the window whereupon the officer was able to see the handgun. The suspect was then arrested, and the search incident to a lawful arrest uncovered, *inter alia,* a large quantity of heroin.

In sustaining the search in *Adams v. Williams, supra,* the Supreme Court noted that the information provided "was immediately verifiable at the scene." 407 U.S. at 146, 92 S.Ct. at 1923. The fact that the officer found the suspect in possession of a handgun in precisely the place predicted by the informant corroborated the reliability of the tip. That, taken together with the surrounding circumstances, provided probable cause for the subsequent search of the vehicle. 407 U.S. at 148–149, 92 S.Ct. at 1924–1925. Further, the initial *Terry* stop was approved because of the officer's need to insure his own safety due to possibility that the proximate suspect was armed. 407 U.S. at 148, 92 S.Ct. at 1924.

Unlike the case before us, *Adams v. Williams, supra,* demonstrates when a tip from a reliable informant, corroborated by police, is sufficient to raise the reasonable suspicion necessary for a *Terry* stop. Presently, appellant was not involved in suspicious activity of any kind, corroboration of an alleged illegal act was not obtained and the officers did not fear for their safety.[2] As stated in *Adams v. Williams, supra,* "Some tips, completely lacking in indicia of reliability, would either warrant no police response or require further investigation before a forcible stop of a suspect would be authorized." 407 U.S. at 147, 92 S.Ct. at 1924. Such was the case presently. I submit, "[s]imply put, a tip such as this one, standing alone, would not 'warrant a man of reasonable caution in the belief' that a [stop] was appropriate." *Alabama v. White,* 110 S.Ct. at 2416, quoting *Terry,* 392 U.S. at 22, 88 S.Ct. at 1880, quoting *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925).

In conclusion, I would hold that in Pennsylvania, police may not conduct a valid investigatory stop based solely on a confidential informant's unsupported and essentially uncor-

---

**2.** Further, Detective Greenwalt admittedly neglected to inquire as to his informant's basis of knowledge. Therefore, with the exception of the informant's previous "reliable" tips, the detective did not possess any reasonable basis to assume this tip was any more reliable than one from an anonymous caller.

roborated allegation that a particular individual is in possession of drugs. Herein, I do not imply that a reliable informant's tip may never be sufficient to justify a *Terry* stop. However, absent exigent circumstances, admittedly not present here, an unsupported allegation that an individual is in possession of narcotics may not be used to justify an investigative stop. I am convinced that such an allegation, absent corroboration which demonstrates that the informant possesses *intimate* knowledge of the suspect's activities, does not give rise to the necessary " 'minimal level of objective justification' for making the stop." *United States v. Sokolow*, 490 U.S. 1, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989), quoting *INS v. Delgado*, 466 U.S. 210, 217, 104 S.Ct. 1758, 1763, 80 L.Ed.2d 247 (1984). Finding no such intimate knowledge presently, I am convinced that *Alabama v. White, supra,* is distinguishable, and accordingly, I dissent.