617 A.2d 718

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Alberto PLEUMMER, Appellee.**

Superior Court of Pennsylvania.

Argued May 28, 1992.

Filed Oct. 30, 1992.

Reargument Denied Jan. 6, 1993.

Hugh Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

MaryAnn F. Swift, Philadelphia, for appellee.

Before CIRILLO, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, which suppressed the physical evidence seized by the police.[1] The lower court concluded that probable cause to perform a warrantless search of the trunk of appellant's automobile did not exist and, therefore, the fruits of that search had to be suppressed. We agree with the lower court and affirm its suppression order.

When passing on a challenge to a decision of a suppression court, we may consider only the evidence of defense witnesses and so much of the Commonwealth's evidence that, read in the context of the record as a whole, remains uncontradicted. We are limited primarily to question of law, and we are bound by the suppression court's findings of fact, provided those findings are supported by the record. *Commonwealth v. Griscavage*, 512 Pa. 540, 543, 517 A.2d 1256, 1257 (1986); *Commonwealth v. Marconi*, 408 Pa.Super. 601, 607, 597 A.2d 616, 619 (1991); *Commonwealth v. Person*, 385 Pa.Super. 197, 200, 560

---

1. Herein, the Commonwealth has certified that the suppression order in question substantially handicaps their prosecution of this case. Therefore, this appeal is properly before us. *Commonwealth v. Dugger*, 506 Pa. 537, 486 A.2d 382 (1985).

A.2d 761, 762–63 (1989). Governed by the foregoing standard, our review of the record reveals the following facts:

On August 13, 1990, the police received an anonymous telephone call concerning alleged drug trafficking activity on the 3200 block of North Randolph Street in Philadelphia. The caller stated that a balding, bearded Hispanic male with dark complexion, wearing a dark blue t-shirt and blue shorts, was selling cocaine from a shopping bag which was kept in a blue Pontiac automobile. The anonymous caller also stated that the Pontiac had no license plates and was parked in front of 3249 North Randolph Street.

Two police officers, travelling in a marked police vehicle, were immediately dispatched to the area which was known to the officers as an area where drug trafficking was prevalent. When they arrived at the scene approximately 10 minutes later, the officers observed appellee standing by a blue Pontiac. Appellee matched the general description given by the caller. Appellee was showing another male the contents of a grocery bag. As the police approached in their marked vehicle, appellee looked at them, rolled up the bag, tossed it into the open trunk of the Pontiac, closed the lid of the trunk and began to walk away. At no time could the officers see the contents of the grocery bag, nor did they observe appellee engage in any transactions indicative of narcotics trafficking.

As appellee walked away from the Pontiac, the officers stopped appellee, frisked him, took the key to the Pontiac from him, returned to the vehicle and opened the trunk. The officers then removed the shopping bag from the trunk and discovered it contained 1005 small packets of cocaine. Appellee was placed under arrest and charged with possession of cocaine with intent to deliver.

Prior to trial, appellee filed a motion to suppress the physical evidence seized on the grounds that the officers lacked probable cause to perform a warrantless search of the trunk of the Pontiac. The suppression court agreed with appellee and, in part, reasoned:

> Well, I rue the day when an individual has a bag in his hands and looks up and places the bag in the trunk of his

car and walks away and can be considered to be engaging in suspicious behavior. . . .

So what we have here is an anonymous tip, no surveillance by the police.

We do not believe the conduct that the defendant engaged in in any way created any suspicious behavior.

N.T., 8/22/91, p. 20.

In deciding to suppress the evidence, the court rejected the Commonwealth's argument that the motor vehicle exception to the warrant requirement validated the officers' actions.

Instantly, the Commonwealth does not contend that the officers had probable cause to arrest appellee. Rather, the Commonwealth contends that the officers had probable cause to conduct a warrantless search of the Pontiac pursuant to the automobile exception to the warrant requirement first set forth in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). Further, the Commonwealth asserts that a "lesser standard of probable cause" is employed when reviewing searches of motor vehicles. Commonwealth's Brief, p. 15. The Commonwealth contends that probable cause to search a motor vehicle is defined as "a basis for believing that evidence of a crime is concealed within the vehicle." *Commonwealth v. Milyak*, 508 Pa. 2, 8, 493 A.2d 1346, 1349 (1985).

The Commonwealth quotes the following passage from *Milyak*, 493 A.2d at 1349, as the proper standard of review herein:

To justify . . . a [warrantless] search . . ., an officer must have independent probable cause to believe that a felony has been committed by the occupants of the vehicle, or that it has been used in the furtherance of the commission of a felony, *or the officer must have a basis for believing that evidence of a crime is concealed within the vehicle,* or that there are weapons therein which are accessible to the occupants.

*Milyak*, 493 A.2d 1346, quoting *Commonwealth v. Lewis*, 442 Pa. 98, 101, 275 A.2d 51, 52 (1971) (emphasis added); *Commonwealth v. Shaffer*, 447 Pa. 91, 104, 288 A.2d 727, 735 (1972)

(quoting *Lewis* ); *Commonwealth v. Neary,* 355 Pa.Super. 92, 100, 512 A.2d 1226, 1230 (1986) (quoting *Lewis* ), appeal denied 515 Pa. 576, 527 A.2d 537 (1987); *Commonwealth v. Trunzo,* 404 Pa.Super. 15, 26, 589 A.2d 1147, 1153 (1991) (quoting *Shaffer* quoting *Lewis* ).

The oft-quoted passage from *Lewis, supra,* was derived explicitly by our Supreme Court from their prior decision in *Commonwealth v. Dussell,* 439 Pa. 392, 266 A.2d 659 (1970). *Lewis,* 275 A.2d at 52. In *Dussell,* 266 A.2d at 661, our Supreme Court stated:

> We recognize that a special rule prevails as to the stopping and searching of moving vehicles suspected of being used in criminal activity. See *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). However, even where the search of a moving vehicle is involved, the officers must have independent probable cause to believe that a felony has been committed, and must have a basis for believing either that evidence of the crime is concealed in the vehicle or that there are weapons therein accessible to the occupants of the car. *Dyke v. Taylor Implement Mfg. Co.,* 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968).

Clearly, *Dussell, supra,* requires that the police have probable cause to believe that a felony has been committed *and* that evidence of that same felony is contained within the car. However, the quote from *Lewis, supra,* seems to permit a warrantless search where the officer merely has "a basis for believing that evidence of a crime is concealed within the vehicle".[2]

2. Although those cases which quote the aforementioned passage from *Lewis, supra,* are cited by the Commonwealth as setting a "lesser standard" of probable cause, those cases all analyze their respective facts to determine whether there actually was probable cause to believe that evidence of a crime was secreted within the vehicle. Thus, in practice, the analysis and the results thereof in those cases did not indicate that Pennsylvania had a "lesser standard" of probable cause for motor vehicle searches.

■ Regardless of the quote from *Lewis, supra,* we are certain that the level of probable cause necessary for a search of an automobile is the same as that which would be necessary to obtain a warrant from an issuing magistrate. *See Commonwealth v. Rodriguez,* 526 Pa. 268, 585 A.2d 988 (1991). It is true that "there is an established departure from the warrant requirement for certain automobile searches based on the inherent mobility of vehicles, with the consequent practical problems in obtaining a warrant prior to infringing a legitimate expectation of privacy, and on the 'diminished expectation of privacy which is accorded automobiles because of their open construction, their function, and their subjection to a myriad of state regulations." *Milyak,* 493 A.2d at 1349, quoting *Commonwealth v. Timko,* 491 Pa. 32, 38, 417 A.2d 620, 623 (1980) citing *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1971). However, the fact that the warrant requirement of the Fourth Amendment is relaxed for searches of vehicles does not likewise relax the need for probable cause prior to the search. The United States Supreme Court made this clear when, in *United States v. Ross,* 456 U.S. 798, 808–809, 102 S.Ct. 2157, 2164–2165, 72 L.Ed.2d 572, 583–584 (1982), it stated:

> In short, the exception to the warrant requirement established in *Carroll*—the scope of which we consider in this case—applies only to searches of vehicles that are supported by probable cause. In this class of cases, a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained.

*See also, California v. Acevedo,* ——— U.S. ———, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991) ("The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained"). The scope of a warrantless search of a motor vehicle is "no broader and no narrower than a magistrate could legitimately authorize." *Ross,* 456 U.S. at 825, 102 S.Ct. at 2173.

In *Rodriguez, supra,* our Supreme Court was faced with the question of whether probable cause for a warrantless search of an automobile existed. In answering that question, our high Court employed the following standards:

> In this Commonwealth, the standard for evaluating whether probable cause exists is the "totality of the circumstances" test set forth in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). *See Commonwealth v. Baker,* 513 Pa. 23, 518 A.2d 802 (1986), *Commonwealth v. Gray,* 509 Pa. 476, 503 A.2d 921 (1985). The benchmark of a warrantless [search of an automobile] is the existence of probable cause, namely, whether the facts and circumstances which are within the knowledge of the officer at the time of the [search], and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that [contraband will be found within the vehicle]. *Commonwealth v. Wagner,* 486 Pa. 548, 406 A.2d 1026 (1979). Applying that test to the within case, the veracity and basis of knowledge of those persons supplying hearsay information must be examined to determine whether there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Commonwealth v. Baker, supra,* 513 Pa. at 26, 518 A.2d at 803.

*Rodriguez,* 585 A.2d at 990.[3]

■ After applying the "totality of the circumstances" test to determine whether probable cause existed to search appellee's vehicle, we agree with the lower court that the fruits of the warrantless search must be suppressed. Instantly, the police officers received an *anonymous tip* that a Hispanic

---

**3.** Previously, the test for warrantless searches of cars had been summarized as "dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." *Chambers v. Maroney,* 399 U.S. 42, 48–49, 90 S.Ct. 1975, 1979–1980, 26 L.Ed.2d 419 (1970). Since *Illinois v. Gates, supra,* the federal judiciary, like Pennsylvania, has employed the "totality of the circumstances" test to assess probable cause in warrantless automobile searches. *See United States v. Piaget,* 915 F.2d 138 (5th Cir.1990); *United States v. Marin,* 761 F.2d 426 (7th Cir.1985); *United States v. Cadena–Santos,* 699 F.Supp. 607 (S.D.Texas 1988).

male who was wearing a blue shirt and blue shorts was selling cocaine, obtained from a shopping bag located in the trunk of a blue Pontiac parked at 3249 North Randolph Street. Within minutes, the officers were at the location where they observed appellee, who fit the description, and another male looking inside of a grocery bag. Upon their approach, appellee looked up, placed the bag in the trunk of the car and walked away.[4] Significantly, the officers did not witness appellee engage in any transaction consistent with drug trafficking.[5] We do not find that such evidence alone would cause a reasonable man to believe there was a "fair probability" that cocaine was concealed in appellee's trunk.

The case of *Commonwealth v. Hunt*, 280 Pa.Super. 205, 421 A.2d 684 (1980), is instructional. Therein, the officer received an anonymous tip that several people were selling "dope" on the 600 block of Herron Avenue in Pittsburgh. The officer was familiar with the area since he had previously made arrests for narcotics violations there. Upon his arrival at the scene, the officer saw a number of people, including the defendant and another black male who were making a "sort of exchange", in which each handed an unidentifiable object to the other. The officer parked his police cruiser and approached the defendant and his companion. Both men fled. The defendant was captured and heroin was seized from his person. Based on those facts, we found that the police lacked probable cause to arrest the defendant, citing *Commonwealth v. Santiago*, 220 Pa.Super. 111, 283 A.2d 709 (1971).

Although the anonymous tip *sub judice* was slightly more detailed than the one in *Hunt, supra*, the remaining facts are less supportive of a finding of probable cause than those in *Hunt, supra*. The police did not witness any transaction, nor did appellee *run* away when the police approached him. Fur-

4. When they approached the scene, the officers were travelling against the normal flow of traffic, i.e., south-bound on North Randolph which is a one-way, north-bound street.

5. Compare *Commonwealth v. Jenkins*, 401 Pa.Super. 580, 585 A.2d 1078 (1991) (probable cause found when police observed suspect twice open trunk of car, place his hand in a plastic bag which contained numerous small packets filled with a white substance).

ther, in *Hunt, supra,* there was essentially no means by which to test the reliability of the anonymous tip due to its vagueness, and presently, there was essentially no corroboration of the tip, thus, leaving its reliability in question also. See discussion, *infra.*

Instantly, we are presented with a tip from an anonymous informant who described appellee and alleged he was selling cocaine. Although the police were able to corroborate those immediately observable aspects of the tip, i.e., appellee's physical appearance and location, they did not observe any activity which would lead them to believe appellee was selling narcotics. They did not witness appellee engage in a transaction of any kind, nor did they even attempt to conduct surveillance. Certainly, an anonymous tip, enhanced with corroboration by the police, can establish probable cause for a search. *Commonwealth v. Sorrell,* 319 Pa.Super. 103, 112, 465 A.2d 1250, 1255 (1983), citing *Illinois v. Gates, supra.* However, the present anonymous tip and the "corroboration" thereof which the Commonwealth deems so significant are not of the same quality as that which was reviewed with favor in *Alabama v. White,* 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990) and *Commonwealth v. Ogborne,* 410 Pa.Super. 164, 599 A.2d 656 (1991). In those cases, the informant was able to predict the suspect's "future behavior", and the police were able to observe those predictions unfold. Thus, the indicia of reliability in those cases were significant. As was stated in *White, supra,*

> Because only a small number of people are generally privy to an individual's itinerary, it is reasonable for police to believe that a person with access to such information is likely to also have access to reliable information about the individual's illegal activities.

*Id.,* 496 U.S. at 332, 110 S.Ct. at 2417.

Presently, however, intimate details of appellee's "future behavior" were neither predicted nor observed. The tip itself

demonstrated none of the familiarity with the suspect which the *White* and *Ogborne* courts found so crucial.[6]

Perhaps the best way to reveal the present lack of probable cause is to compare the facts before us to those in *United States v. Ross, supra,* where probable cause did exist. Therein, the police received a tip from a *known and reliable informant* that an individual known as "Bandit" was selling drugs from the trunk of a "purplish maroon" Chevrolet Malibu with District of Columbia license plates which was parked at 439 Ridge Street. The informant stated he had just observed a sale and that the suspect had told him that additional narcotics were in the trunk. The police immediately travelled to the area and spotted the Chevrolet Malibu. A license check revealed that the car was registered to Albert Ross, that Ross fit the informant's description of "Bandit" and that Ross used the alias "Bandit." During two passes of the neighborhood, the police did not see anyone matching the informant's description. However, five minutes later, the police saw Ross driving the Malibu and stopped the car. The officers had Ross exit the car and while one officer performed a pat-down search of Ross, the other officer spotted a bullet lying on the car's front seat. A search of the car's interior ensued, and a handgun was found in the glove compartment. Ross was then placed under arrest, his keys were taken and the trunk of his car was opened. The trunk held a brown paper bag inside of which were discovered narcotics. It was determined that probable cause to perform a warrantless search of Ross' automobile existed.

For our purposes, the crucial difference between *Ross, supra,* and our case is the nature of the tip and its corroboration by the police. Most significantly, in *Ross, supra,* the tip was not anonymous; rather, it was provided by a known and

---

**6.** Moreover, the tips in *Alabama v. White, supra,* and *Ogborne, supra,* were used to justify a *Terry* stop of a suspect's automobile which requires only "reasonable suspicion", a far less exacting standard than probable cause. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We note that the Commonwealth has not asserted that the initial stop of appellee as he walked away from his automobile was a legal *Terry* stop, and consequently, we will not address that issue herein.

reliable informant. The informant did not merely state that the suspect was selling drugs as is the present situation, but went further, stating that he had just witnessed Ross complete a sale, that Ross had personally told him that he had more narcotics, and that he had seen Ross place a bag containing narcotics in the trunk of his car. *See United States v. Ross,* 655 F.2d 1159, 1168 n. 22 (1981), reversed on other grounds, *Ross, supra.* Corroboration by the police revealed that the car in question was owned by Ross who fit the informant's description and employed the alias, "Bandit".

Presently, the officers were armed only with an anonymous tip. The simple fact is that anyone who saw appellee standing on North Randolph Street could have given the police the tip in question. The tipster did not demonstrate any intimate knowledge of appellee, nor did he predict any "future behavior" which was confirmed by observation. Without surveillance corroborating more than the most superficial details of the tip, the reliability of the anonymous tip was, at best, suspect and certainly insufficient to support a finding of probable cause.

In sum, we find that the facts before us were not sufficient to allow the officers to perform a warrantless search of appellee's automobile. Applying the "totality of the circumstances" test, we find that the anonymous tip and the "corroboration" thereof were insufficient to warrant a man of reasonable caution in the belief that cocaine would be found in the car's trunk. Accordingly, we affirm the order of the court below which suppressed the evidence seized during the warrantless search of appellee's vehicle.

Order affirmed.

CIRILLO, J., files a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent. I would reverse the suppression court's order excluding 1,005 packets of cocaine as evidence against Alberto Pleummer.

Pleummer was arrested after an anonymous tipster told police that a balding, bearded, dark-complected man wearing a blue tee shirt and blue shorts was standing next to a blue Pontiac in the 3200 block of North Randolph Street selling cocaine from a brown paper shopping bag. When police arrived at 3245 North Randolph Street 20 minutes later they saw a balding, bearded dark-complected male wearing a blue tee shirt and blue shorts showing another man the contents of a brown paper shopping bag while standing next to a blue Pontiac. The police then saw the suspect roll up the shopping bag, put it in the open trunk of the Pontiac, close the trunk, and walk away. The officers stopped Pleummer, frisked him, and used a key they found in his pocket to open the trunk of the Pontiac.[1] The officers found the shopping bag in the trunk, opened it, saw clear plastic bags of glassine wrapped white powder, and arrested Pleummer.

The question before this court is whether the police lawfully searched the trunk of the car. The general rule is that police may not search a home or any place in which a person has a reasonable expectation of privacy without a warrant. *Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). A warrant is obtained after a neutral magistrate finds that probable cause exists for a search for evidence of a crime. *Aguilar v. Texas*, 378 U.S. 108, 109, 84 S.Ct. 1509, 1511, 12 L.Ed.2d 723 (1964). Probable cause is a product of a totality of the circumstances presented to the magistrate. *Illinois v. Gates*, 462 U.S. 213, 230, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983). *See also Commonwealth v. Rodriguez*, 526 Pa. 268, 585 A.2d 988 (1991).

Several exceptions to the warrant requirement exist, one of which pertains to automobiles. *Commonwealth v. Baker*, 518 Pa. 145, 149, 541 A.2d 1381, 1383 (1988). Automobiles are excepted from the warrant requirement because they are inherently mobile and citizens have a lower expectation of privacy in their cars than in their homes. *Commonwealth v. Milyak*, 508 Pa. 2, 8, 493 A.2d 1346, 1349 (1985). Under the

---

1. The Commonwealth has not argued the legitimacy of the *Terry* stop and frisk; the issue is not before this court.

automobile exception an officer may search a car if he has independent probable cause to believe the automobile has been used in the furtherance of a felony or contains contraband or evidence of a crime. *Id.*

Thus, the question becomes did the police have probable cause to believe the Pontiac at 3245 North Randolph Street contained contraband or evidence of a crime. Probable cause is defined as "a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Gates,* 462 U.S. at 236, 103 S.Ct. at 2331. The level of probable cause needed to invoke the automobile exception to the warrant requirement is the same as the probable cause needed for a warrant. *Milyak,* 508 Pa. at 10, 493 A.2d at 1350.

*Gates* teaches that when an anonymous tip is involved we look to the totality of the circumstances to determine whether probable cause exists. 462 U.S. at 230, 103 S.Ct. at 2328. Totality of the circumstances relies on corroboration of details of an informant's tip by independent police work. *Id.* at 241, 103 S.Ct. at 2334.

This court has held that general information from a known informant is sufficient probable cause for an officer to make an arrest, *Commonwealth v. Miley,* 314 Pa.Super. 88, 460 A.2d 778 (1983), and that particularized information from an anonymous source broadcast over the police radio network creates reasonable suspicion to justify a *Terry* stop and frisk. *Commonwealth v. Whelton,* 319 Pa.Super. 42, 465 A.2d 1043 (1983).

In this case the totality of the circumstances were a detailed and particularized anonymous tip corroborated in every aspect by independent police observation. Under the *Gates* and *Rodriguez* standard of totality of the circumstances, I would find the police had probable cause to search the vehicle, to seize the cocaine, and then to arrest Pleummer.

Today's decision creates a new, and I believe untenable, standard by which to measure the totality of the circumstances. The majority opinion suggests that, in cases stemming from anonymous tips, probable cause will only be found if the tip either predicts future behavior which is corroborated

64

by police surveillance or if the police observe at least suspicious, and possibly felonious, behavior after receiving the tip. I do not believe either requirement is demanded by our prior cases nor justified in this case.

I would reverse the holding of the suppression court and admit the evidence against Pleummer.