J-S34028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ISADOM T. PARRA | |
| Appellee | No. 1638 MDA 2014 |

Appeal from the Order Entered September 11, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000224-2014

BEFORE: BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 07, 2015**

The Commonwealth appeals the order entered on September 11, 2014, in the Court of Common Pleas of Centre County, suppressing .176 ounces (5 grams) marijuana discovered in Isadom T. Parra's car. In this timely appeal, the Commonwealth argues the trial court erred in granting the suppression of evidence because the contraband would have been inevitably discovered pursuant to a valid search warrant. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

In this case, Parra was charged with possession of a small amount of marijuana for personal use.[1] The facts underlying the charges were

_____

[1] 35 P.S. 780-113(A)(31)(i).

presented at the suppression hearing, held on July 14, 2014, are as follows.

At approximately 12:36 a.m., December 5, 2013, Corporal Brian Rose of the

Ferguson Township Police, stopped Parra's Volkswagen due to a

malfunctioning driver's side taillight. Parra pulled off the roadway into the

parking lot of a restaurant that was closed for the night. Corporal Rose

testified that in his initial interaction with Parra he detected a faint aroma of

burnt marijuana. Corporal Rose asked Parra if he had been recently

smoking marijuana, which Parra denied. Parra was then given field sobriety

tests to determine if he was incapable of driving safely. After administering

these tests, Corporal Rose decided he had no cause to arrest Parra for

impaired driving.

While Parra was performing the field sobriety tests, backup arrived,

including Sergeant Ryan Hendrick. Sergeant Hendrick looked into Parra's

car from the passenger side and saw an empty baggie that he believed had

contained marijuana. **See** N.T. Suppression Hearing, 7/14/2014, at 27.

Sergeant Hendrick also testified that he detected a strong odor of cologne,

which from his experience, was often used to mask the smell of marijuana.[2]

Sergeant Hendrick also gave Parra a series of field sobriety tests that were

_____

[2] Sergeant Hendrick did not smell marijuana and Officer Rose made no mention of smelling cologne.

specifically designed to detect drug use. Sergeant Hendrick detected no indication of impairment.

After Officer Rose and Sergeant Hendrick conferred, they decided they had probable cause to search the vehicle, based upon the faint odor of drugs and the plain view of an empty baggie. The officers asked Parra for permission to search his vehicle, which was denied. In response, the officers decided to tow the vehicle pursuant to the police department's traditional community care-taking function,[3] and impound it until a search warrant could be obtained. As part of that process, the police would conduct an inventory search of the car.

The car was towed to a police facility and the inventory search occurred. At that time, the empty baggie was secured as well as another baggie found in the driver-door pocket.[4] This baggie was later determined

_____

[3] Community care-taking allows the police to tow a vehicle that is causing a hazard or otherwise impeding the orderly flow of traffic. Because Parra had not originally pulled into a designated parking space in the restaurant parking lot, the police believed the car impeded traffic. Officer Rose testified he would not have allowed Parra to move the car into a parking space, despite having demonstrated no indicia of impairment, because he had tested Parra for inability to safely operate a vehicle. *See* N.T. Suppression Hearing, 7/14/2014, at 24.

[4] In its findings of fact, the trial court mentions only the empty baggie being located prior to application for the search warrant. However, testimony given at the suppression hearing demonstrates the police located both the empty baggie and the baggie taken from the driver's side door pocket. See N.T. Suppression hearing, 7/14/2014, at 29-30. This difference has no bearing on the outcome of this matter.

to contain 1.5 grams (.053 ounces) of marijuana. Officer Rose testified that pursuant to department instructions from the chief, once contraband is located during an inventory search, the inventory search is to stop and a search warrant is to be obtained.[5] **See** N.T. Suppression Hearing, 7/14/2014, at 18. Officer Rose testified they subsequently obtained a search warrant. Pursuant to the search warrant, another baggie of marijuana was found, as well as a bud of marijuana. The baggie contained .05 grams of marijuana.[6] The marijuana bud weighed 3.5 grams (.123 ounces).

Based upon the foregoing evidence, the trial court suppressed the physical evidence. The trial court determined that the police had improperly seized the vehicle. Therefore, the inventory search was also improper and

---

[5] This instruction apparently contradicts the written instructions for inventory searches, which were introduced into evidence at the July 14, 2014, hearing on the motion to suppress. **See** Cmwlth. Exhibit 1, Ferguson Township Police Department, Directive 51. This written directive mandates: "IT IS THE POLICY OF THIS DEPARTMENT THAT ANY VEHICLE TAKEN INTO CUSTODY BY A MEMBER OF THIS DEPARTMENT BE SUBJECTED TO A COMPLETE INVENTORY SEARCH OF ITS CONTENTS." **Id**. at I.A. (caps in original). "All contents of the vehicle are to be noted on an Inventory Control Form." **Id**. at II, F., 1. Contraband is also to be noted on the Inventory Control Form. **Id**. at II, F., 5. Stopping the inventory search before it is completed would negate the purpose of the directive, which is to "ensure that the contents of seized or impounded vehicles are safeguarded for return to the rightful owner." **Id**. at I, B.

[6] This baggie and the empty baggie that Sergeant Hendrick saw were both discarded as having no evidential value. **See** N.T. Suppression Hearing, 7/14/2014, at 15-16, 31.

the discovery of the small amount of marijuana was the fruit of the poisoned tree. While suppressing the evidence, the trial court also commented that the police initially had probable cause to search the vehicle, but had not done so.

The Commonwealth sought, and was granted, reconsideration of the denial, arguing because they had probable cause, the discovery of the contraband was inevitable. The trial court once again suppressed the evidence.[7]

This Court has summarized the proper scope and standard of review when reviewing the grant of a motion to suppress as follows:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

***Commonwealth v. Boyd***, 17 A.3d 1274, 1276 (Pa. Super. 2011)(citation omitted).

_____

[7] The trial court has not addressed the issue of inevitable discovery in its Pa.R.A.P. 1925(a) opinion.

We note our Commonwealth has recently adopted the automobile exception to warrantless automobile searches. **See Commonwealth v. Gary**, 91 A.3d 102 (Pa. 2014) (probable cause alone is sufficient to conduct a warrantless automobile search). However, the trial court and all parties agree that at the relevant time, the prior "limited automobile exception" applied. Under the limited automobile exception, a warrantless automobile search was allowable "when there exists probable cause and exigent circumstances necessitating a search." **Commonwealth v. Casanova**, 748 A.2d 207, 211 (Pa. Super. 2000).

> "Probable cause exists where the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent individual in believing that an offense was committed and that the defendant has committed it." **Stewart**, 740 A.2d at 718 (quoting **Commonwealth v. Dennis**, 417 Pa.Super. 425, 612 A.2d 1014, 1015-1016 (1992), *appeal denied,* 535 Pa. 654, 634 A.2d 218 (1993)). In determining whether probable cause exists, we must "consider the totality of the circumstances as they appeared to the arresting officer." **Id**. Additionally, "[t]he evidence required to establish probable cause for a warrantless search must be more than a mere suspicion or a good faith belief on the part of the police officer." **Commonwealth v. Lechner**, 454 Pa.Super. 456, 685 A.2d 1014, 1016 (1996).

**Commonwealth v. Griffin**, 24 A.3d 1037, 1041 (Pa. Super. 2011).

Additionally, "the level of probable cause necessary for a search of an automobile is the same as that which would be necessary to obtain a warrant from an issuing magistrate." **Commonwealth v. Pleummer**, 617 A.2d 718, 721 (Pa. Super. 1992) (citation omitted). Also, as applied to the current factual situation, we note that probable cause also requires a "fair

probability that contraband or evidence of a crime will be found in a particular place.' ***Commonwealth v. Rodriguez***, 585 A.2d 988, 990 (Pa. Super. 1991). Finally, "evidence of criminal activity at some prior time does not support a finding of probable cause as of the date the warrant issues." ***Commonwealth v. Nycz***, 418 A.2d 418, 420 (Pa. Super. 1980).

In this timely appeal, the Commonwealth concedes the car was unconstitutionally seized, but argues "inevitable discovery"[8] allows for the introduction of the evidence obtained as a result of the search. Specifically, the Commonwealth posits:

> The Commonwealth concedes that this decision [to impound Parra's vehicle] resulted in illegal government activity; specifically an unconstitutional seizure of [Parra's] vehicle. ***Commonwealth v. Laganella***, 83 A.3d 94, 102 (Pa. 2013) (an inventory search of an automobile is only permissible when the police first lawfully impound a vehicle and when the police act in accordance with a reasonable, standard policy of routinely securing and inventorying the contents therein). However, the Commonwealth contends that because: (1) the police possessed probable cause to search the vehicle at the time of the seizure; (2) their objective was always to obtain a search warrant based on the aforementioned probable cause, and (3) a lawfully issued search warrant was subsequently obtained on the basis of this probable cause – the illegal seizure of [Parra's] vehicle is purged, by that very search warrant, of the original illegality and the evidence found in [Parra's] vehicle should therefore be admissible at trial.

Commonwealth's Brief, 2/6/2015, at 16-17.

---

[8] The inevitable discovery doctrine provides that, "evidence which would have been discovered was sufficiently purged of the original illegality to allow admission of the evidence." ***Commonwealth v. Gonzalez***, 979 A.2d 879, 890 (Pa. Super. 2009) (citation omitted).

While an invalid search may be cleansed of taint through the application of "inevitable discovery", in this matter the Commonwealth has claimed the discovery of the contraband was purged of the original illegality by obtaining the search warrant. Commonwealth's Brief, *supra*. The problem with the Commonwealth's argument is that the search warrant has never been produced for review. The warrant was not introduced into evidence at the preliminary hearing, suppression hearing, or at hearing on the Commonwealth's motion for reconsideration. *See* N.T. Preliminary Hearing, 2/5/2014; Omnibus Pretrial Motion, 7/14/2014; and Motion for Reconsideration, 9/11/2014. Not only was the search warrant never produced before the trial court, it is not part of the certified record, and so is unavailable for this Court's review.

> Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty.

*Commonwealth v. Bongiorno*, 905 A2d 998, 1000 (Pa. Super. 2006) (*en banc*) (citation omitted).

Additionally, we note that because the Commonwealth never presented the search warrant to the lower court, this appeal is the first time the sufficiency of the warrant has been placed at issue. An appellant may not raise an issue for the first time on appeal. "It is axiomatic that claims not raised in the trial court may not be raised for the first time on appeal."

*Commonwealth v. Johnson*, 33 A.3d 122, 126 (Pa. Super. 2011) (citation omitted).

Because the Commonwealth failed to supply this Court with a copy of the search warrant for review and the issue of the search warrant may not be raised for the first time on appeal, we find this aspect of the inevitable discovery argument has been waived.

The Commonwealth has also argued that they possessed probable cause to search the car prior to the seizure, and this purges the taint of the illegal seizure.[9]  In this regard, we find the relevant evidence regarding pre-seizure probable cause is:  Officer Rose testified he detected a faint aroma of burnt marijuana, Sergeant Hendrick did not smell marijuana, rather he detected a strong odor of cologne, what he believed to be a masking smell. Sergeant Hendrick saw an empty baggie on the driver's seat which he believed had contained marijuana.  Parra performed a variety of field sobriety tests, some of which were specifically designed to detect drug intoxication.  The police officers found no indicia of intoxication nor any indication Parra was incapable of safely driving his car.  The evidence points to a reasonable probability that someone had smoked marijuana in the car

---

[9] It is unclear if this argument of pre-seizure probable cause has been made in support of the search warrant or is an independent argument.  If the argument was intended to support the search warrant claim, it has been waived.  In an abundance of caution, we will review the issue as in independent argument.

at some prior time. However, a faint odor, an empty baggie and an unimpaired driver do not present a fair probability that contraband would then be located in the car. We note the Commonwealth has provided no case law to support its contention that such evidence suffices to provide probable cause. Accordingly, the Commonwealth is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015